**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

NAGESH PALAKURTHI, an individual,

      Plaintiff,                         Case No:_____

v.                                   Hon._____

WAYNE COUNTY, in its municipal capacity;    Magistrate: _____
and ERIC R. SABREE, in his official capacity
current Wayne County Treasurer

      Defendants.                           **JURY DEMAND**

---

THE LAW OFFICES OF DANIEL J. LEHMAN, PLLC
By:  Daniel J. Lehman (P66126)
Attorneys for Plaintiff
32000 Northwestern Highway
Farmington Hills, MI 48334
(248) 882-3906
dan@djlehmanlaw.com

---

# COMPLAINT

     **NOW COMES** Plaintiff, Nagesh Palakurthi, by and through his attorneys, and for his

Complaint in the above referenced matter says as follows:

### JURISDICTION AND VENUE:

1. This Court is the court of proper venue and jurisdiction to decide the Plaintiff's claims  under

    42 U.S.C. § 1983, for legal and equitable relief  arising from violations of his  constitutional

    rights protected by the Fifth and Fourteenth Amendments of the United States Constitution

    and under Article 10, § 2, of the Michigan Constitution, and Article VI, § 13, of the Michigan

1

Constitution, and  including his claims of  inverse condemnation claim  against Defendants; and for Declaratory Judgment Relief.

2. Plaintiffs' claims for equitable, declaratory, and injunctive relief are authorized pursuant to 28 U.S.C., §s 2201 and 2202, 42 U.S.C. § 1983 et seq., U.S.C., 42 § 1981 et seq., Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.

3. Pursuant to 42 U.S.C. § 1983 *et seq*. and other applicable law, this Court is justified to award nominal, compensatory, and punitive damages, and equitable relief against Defendant Wayne County and against Defendant Eric R. Sabree in his official capacity for the past and ongoing violations of Plaintiff's Constitutional rights and the harm caused by their actions.

4. This Court is justified to award reasonable costs of litigation, including reasonable attorneys' fees and expenses, pursuant to 42 U.S.C. § 1983 *et seq.* and other applicable law.

5. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because all Defendants reside within this district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this district.  Further, this Court has personal jurisdiction over Defendants in that they maintain systematic and continuous contacts with Michigan, do business in the State of Michigan, and committed illegal acts intended to and that did cause harm to Plaintiff in the State of Michigan.

## NATURE OF THE ACTION

6. This action is commenced by Plaintiff to seek recovery against Defendants for the value of his property, commonly identified as 42671 Preswick Court, Belleview, Van Buren Township, Wayne County Michigan ("Property"),  that  was wrongfully taken by Defendants without just compensation, which, under the totality of the circumstances , failed to assure

Defendant equal protection of the law, and failed to provide due process in the way of adequate notice and a meaningful opportunity to be heard.

7. Defendants' taking of Property, without just compensation, occurred as a consequence of Defendant's County Treasurer ( pursuant to a judgment for foreclosure entered in the Wayne County Circuit Court pursuant to MCL 211.78k on March 20, 2015,  without providing Plaintiff with notice that was reasonably calculated to provide Plaintiff with the opportunity to be heard and to avert a foreclosure) [see **Exhibit 1**], refusing to accept payment from Plaintiff of the unpaid delinquent real estate tax in a sum of approximately $1,200.00 (to thereby afford Plaintiff the same protections of his property rights offered to others), and thereafter selling Property in September 2015 at a tax sale ("Tax Sale) through which Defendants received and retained sale proceeds derived from Tax Sale in the sum of $168,000 ("Sale Proceeds"); and which Sale Proceeds, as of March 22, 2017, have been retained absolutely by Defendant Wayne County to be used for public purposes without just compensation to Plaintiff for the surplus value of Property taken by Defendant.

## THE PARTIES

8. The Plaintiff,  who currently resides in Oakland County, Michigan, was, prior to Tax Sale, the owner of Property and is the person entitled to seek damages against Defendants pursuant to Michigan's Constitution,  1963, Article 10, § 2, which provides: "Private property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law"; and pursuant to Defendant's rights guaranteed by the Fifth Amendment to the United States Constitution.

9. Defendant, Wayne County, is a Municipal Corporation and maintains its principal place of business at 2 Woodward Ave, Detroit, MI 48226, with a registered agent being the Wayne

County Corporation Counsel located at 500 Griswold, Detroit, MI 48226, which has the control of funds pursuant to applicable provisions of Michigan's General Tax Act ("Act") to pay Plaintiff's claim.

10. Defendant Eric R. Sabree, as the Treasurer of Defendant Wayne County, is the person ultimately responsible for the collection of delinquent real property taxes within the county and for taking and selling property when such taxes remain unpaid; and in pursuit of this authority, Defendants have statutory authority to abate foreclosure action against tax payers and/or to suspend the sale of properties at auction for any reason affecting real estate property owners within the county in lieu of payment arrangements or any other reason that the Defendant County has adopted ("Sale Avoidance Authority").

# STATEMENT OF FACTS

## A.    PLAINTIFF'S OWNERSHIP OF PROPERTY

11.  At all times material to Plaintiff's claims including his inverse condemnation claim against Defendants, Plaintiff  legally possessed the requisite ownership interest in and was the fee owner of  the Property.

12. Property was Plaintiff's family home and was homesteaded on the records of Van Buren Township until 2008,  by which time Plaintiff moved his family to and now resides in Oakland County, Michigan; and thereafter and continuing to the present time, the records of the Van Buren Township Treasurer, and the annual tax rolls, certified by the Van Buren Township Treasurer, indicate that the Property has remained non-homesteaded, imposing upon Plaintiff a higher real estate tax burden for which Plaintiff has fully complied at all times material hereto except for an inadvertently missed tax payment in 2012,  in a sum  that

constitutes less than 6% of the total real estate taxes against Property that Plaintiff timely paid for the subsequent years of 2012, 2013, 2014, and 2015.

13. At all times material to the Plaintiff's claims against Defendants, the real estate tax rolls for Van Buren Township indicate that Plaintiff has paid the Property taxes on Property that was being leased by Plaintiff to unrelated third parties as an investment income property; and at no time were the occupants of the Property authorized, in writing or otherwise, to represent Plaintiff for any purpose, including those relating and pertaining to "notice" as required by Statutory and/or Constitutional Due Process.

14. At all times material to the Plaintiff's claims, the Property was managed by a third party, and Plaintiff did not visit nor inspect Property while occupied by others; and thereby was never in a position to have seen or been aware of any posting of Property by the Defendants, or any one of them; nor to confirm at all times material to allegations of notice by Defendants to Plaintiff, whether the Property was in fact being occupied by third party tenants, who had ceased paying rent on Property.

15. At no time, until on or about September 10, 2015, was Plaintiff informed or aware that the Property was schedule for sale at the pending Tax Auction being conducted by the Defendant's Treasurer pursuant to a real estate tax foreclosure ("Foreclosure Event") notwithstanding the fact that Plaintiff paid real estate taxes on Property under the General Tax Act ("Act") for all public purposes as expressed in the Act, for the years 2013 and 2014; and paid that real estate taxes in advanced for the period from July 1 2015 through June 30, 2016, while the Property was owned by County.

## B.    PLAINTIFF'S TAX PAYMENT & RECORDS PERTAINING TO PROPERTY

16. As confirmed by the records of the Van Buren Township Treasurer, Plaintiff paid all due and

    owing real estate taxes for the property for the years 2000 to the date of the auction sale of

    the Property by the Wayne County Treasurer in September 2015 ("Auction Sale"), **except** for

    the Winter 2012 taxes, in the sum of $806.21, and the Summer 2014 taxes in the sum of

    $26.61 ( the balance of which Summer 2014 taxes in the sum of $2,407.09 was paid by

    Plaintiff) [hereinafter collectively called "Inadvertently Missed Payments"].  (See **Exhibit**

    **2**).[1]

17. **Exhibit 3** demonstrates that commencing with the taxes levied in 2008 and beyond, the non-

    homestead exemption took effect, otherwise the increase in taxes would not have been

    supported by either the assessed value of the Property nor the applicable Michigan law that

    caps the amount by which the taxable value of real property is permitted to be increased

    annually as to an existing owner and without a sale of the affected property.

18. At all times material to Plaintiff's claim, Plaintiff caused the real estate taxes to be paid by his

    personal administrator located at his business address, which is **26980 Trolley Industrial**

    **Drive, Taylor, MI 48180**, from which address Plaintiff conducted his business affairs and

    personal affairs.  (preferred "Notice Address").

19. The records of the Wayne County Treasurer contain the Notice Address in their official files

    as to Property and to Plaintiff for the reason that on 12/05/2011, Plaintiff paid at the County

    Treasurer's office a tax payment for Property, and received a written receipt from Defendant's

    Treasurer  that identified the Plaintiff,  the Property, the Notice Address, Plaintiff's email

---

[1] Plaintiff paid the 2015 Summer Taxes to the local taxing authority, which was accepted by the Local Taxing Authority although the Property had been foreclosed by the Defendants, and was no longer owned by Plaintiff under the Act; and at no time have these funds been paid back to Plaintiff; and therefore, the Defendants sold property for which no tax was delinquent under the Act.

address; and the payment of $11,117.85. ("Wayne County Treasurer Receipt").  [See **Exhibit 4**].[2]

20. Wayne County Treasurer Receipt is an official tax record of Defendant Treasurer; that remains electronically filed in the Defendant Treasurer's records and is readily accessible on the Treasurer's website under the Parcel ID number or street address of Property and is specifically bar coded for use by the Defendant Treasurer to access the Notice Address of Plaintiff for all purposes under the Act. ("Treasurer's Electronic Tax Record").

21. Defendants failed to provided notice of a tax forfeiture, tax foreclosure, and tax foreclosure show cause hearing upon Defendant at Notice Address that is, and continues to be, readily accessible as Treasurer's Electronic Tax Record, kept and maintained by Defendants.

22. Plaintiff continues to manage his business interests and personal matters from Notice Address.

23. Plaintiff  paid the Property's real estate taxes owed for 2012, 2013, 2014 and 2015 (except for the Inadvertently Missed Payments) to the Van Buren Township Treasurer, without any personal knowledge or notice of the Inadvertently Missed Payments and without any personal knowledge or notice of the forfeiture of the Property or pending Foreclosure Sale ("Continued Tax Payments Post Missed Payments").

24. During 2015,  after commencement of the Foreclosure Event and without personal knowledge of the Foreclosure Event and the pending Tax Sale, Plaintiff's Continued Tax Payments Post Missed Payments were paid with personal checks to the Van Buren Township Treasurer, which clearly set forth thereon the Plaintiff's home address, namely:  1741 Heron Ridge Drive, Bloomfield Hills, MI 48302 (see check 4068, dated 01/26/2015, in the sum of

---

[2] All information on Wayne County Treasurer's Receipt remains current as of the date of this Complaint.

$807.85); and check 8084, dated  08/26/2015 in the sum of $2,401.49, which was paid by Plaintiff *after* the Foreclosure Event in which he no longer had an ownership interest in Property  (collectively called "Notice Checks") [see **Exhibit 5**].

25. Plaintiff's Notice Checks in the total sum of $3,209.34, totaling approximately three (3) times the amount of delinquent tax obligations resulting in Foreclosure Event, further evidences Plaintiff's efforts to continue to be in compliance with the Act and its public purpose, and his claim of lack of notice for the reason that his tax payment in August 2015 (for a tax obligations on property that was foreclosed and was therefore not owed by him) would have been paid to redeem the Property from  the threatened  foreclosure in March 2015, or alternatively, should have been deemed accepted and applied toward the outstanding delinquent taxes owed with a corresponding adjustment in the Township's obligations to the County under the revolving delinquent tax funds obligations for 2012.

26. Neither the Defendants nor the Township (taxing unit) have accounted to Plaintiff as to the application of the August 2015 payment of real estate taxes by Plaintiff to Van Buren Township; and Plaintiff has not received a refund of this payment as of the date of the filing of this Complaint.

27. Notice Checks, providing the taxing governmental authorities of Plaintiff's home address, were part of the Van Buren Township tax records prior to the Foreclosure Event; and upon reasonable effort based upon review of these records, had the Wayne County Treasurer taken additional reasonable steps to attempt to provide notice to Plaintiff by following the statutory requirement in the Act that requires review of the Van Buren Township records, Plaintiff would have been notified, as required by Statutory Due Process and Constitutional Due Process, of the pending Foreclosure Event and subsequent Foreclosure Sale and would have

8

avoided the factual basis for this litigation and caused the Defendant to have complied with the public purpose of the Act.

### C.   DEFENDANT TREASURER'S TAX RECORD/ PAYMENT RECEIPT

28. On September 11, 2015, Plaintiff's office administrator caused to be filed with the County Treasurer's Office a FOIA request ("FOIA") of the Defendant Treasurer's "Tax Records" relating to Property ("Tax Parcel").

29. The FOIA response from the County Treasurer contained information confirming the fact that the County Treasurer had received an on-line payment of delinquent taxes from Plaintiff, submitted on December 5, 2012, in the sum of  $11,117.85, and recorded in the Treasurer's Tax Record on December 6, 2012, for Tax Parcel.  ("On-Line Payment).

30. The On-Line Payment program operated by the Treasurer is through a website that the Treasurer's website claims is updated "daily" and contains information taken from the County Treasurer's tax records.  ("Tax Website").

31.  The Tax Website specifically states as follows:

> **What do I need in order to pay by electronic debit (ACH)?**
> You will need the parcel ID number (viewable on the delinquent listing screens) for the property that you are submitting payment for, ***name and address***, an e-mail address for payment confirmation, and your checking or savings account number.

32. Payment confirmation resulting from Plaintiff's 2012 payment of delinquent real estate taxes for Tax Parcel together with a Duplicate Tax Receipt, pursuant to the Tax Website program, permits immediate access of retrieval of the On-Line Payment information that is stored in the County Treasurer's tax record for Tax Parcel, evidenced as follows:

9

a. Attached as **Exhibit 2(a),** is a copy of a duplicate tax receipt that notes thereon that the Duplicate Tax Receipt was created in the County Treasurer's Record for Tax Parcel on ***December 6, 2012***; and printed on ***September 10, 2015*** ("2012 Tax Receipt"); and which tax receipt clearly indicates Plaintiff as the payor together with his address at 26980 Trolley Industrial Drive,, Taylor, MI ("Notice Address"); and,

b. attached as **Affidavit Exhibit 2(b),** is a copy of a duplicate tax receipt for the same payment transaction, that I requested on line that demonstrates that it was created on December 6, 2012, and printed on November 22, 2017, which, but for the date printed, is identical to the 2012 Tax Receipt. ("Recent 2012 Tax Receipt");

c. attached as **Affidavit Exhibit 2(c)** is a copy of the County Treasurer's confirmation of receipt of the 2012 delinquent tax payment for the Tax Parcel, which contains the Plaintiff's email address, which remains current to this date;

d. Both 2012 Tax Receipt and Recent 2012 Tax Receipt contain the identical Receipt Number and Bundle Number for Tax Parcel, denoted with an identical bar code ("Bar Code Access"),

e. Other than the print date, the only other difference between the 2012 Tax Receipt and the Recent 2012 Tax Receipt, is a change in the name of the then serving County Treasurer, which further confirms that this information is permanently store in the County Treasurer's Tax Record.

33. The required information for payment on the Tax Website; the County Treasurer's acknowledgment that the information on the Tax Website is derived from the tax record; the County Treasurer's use of Bar Code Access; and the printing dates of the 2012 Tax Receipt and Recent 2012 Tax Receipt,  confirm that the information resulting from the On-Line

Payment through the Tax Website, is electronically stored permanently and recoverable easily On-Line, as a Country Treasurer's tax record; and that this information is accessible from a computer located anywhere with access to the internet, and from any cell phone having internet access, and therefore provides an inexpensive, non-burdensome, and swift retrieval of Plaintiff's Notice Address without employment of third party representative fees or the undertaking of a more burdensome and costly method of follow-up measures to notify Plaintiff of the foreclosure proceeding and to assure that Plaintiff's due-process rights are not violated.   .

**D.   PLAINTIFF'S ACTION TO AVOID FORECLOSURE  EVENT UPON RECEIPT OF ACTUAL NOTICE AND TO ASSURE COMPLIANCE WITH THE ACT**

34.  On or about September 10, 2015, Plaintiff's former tenant, who at the time was going through a divorce, and was not living in the Property,  contacted Plaintiff and informed him that Property was scheduled to be auctioned in the soon-to-be- held September Foreclosure Sale.  ("First Notice of Foreclosure Event/Sale").

35. On September 11, 2015, immediately upon being notified of First Notice of Foreclosure Event/Sale, Plaintiff's sent his administrative assistant to the Wayne County Treasurer's office with a blank personal check and pursuant to instructions from Plaintiff to pay the Defendant's  Treasurer the amount required to remove the Property from the Foreclosure Sale, and to pay the costs of collection incurred by the Wayne County Treasurer .  ("Sale Avoidance Action").

36. Rather than accepting Plaintiff's Sale Avoidance Action and thereby accommodating and furthering the Public Purpose of the Act, the Wayne County Treasurer's office, under the

direction of Defendant's Treasurer, refused to accept payment from Plaintiff, and pursuant to such direction, wrongfully claimed that the Treasurer did not have the authority to accept a payment from Plaintiff and to pull the Property from the Auction.  ("Denial of Authority to Accept Sale Avoidance Action").

37. Pursuant to applicable provisions of the Act, Defendant's Treasurer's Denial of Authority to Accept Sale Avoidance Action is untrue for the reason that Defendant's Treasurer promulgated Auction procedures that specifically reserves onto the Defendant's Treasurer the right to remove any property from the Auction at any time, both pre sale and post sale, and which procedures would more perfectly comport with the Public Purpose of the Act. (See Wayne County Treasurer's published Auction procedures, namely: Articles: I, captioned "Property", paragraph (6); III, captioned "The Auction", paragraphs (10 ) & (12); IV, captioned "Auction Participation", paragraphs 4(c); Article VI, captioned "Deed Conveyance", paragraph (6).

38. Given the fact that Plaintiff did not have personal or actual notice of the Foreclosure Event and Foreclosure Sale as mandated by Statutory Due Process and Constitutional Due Process; and considering the evidence of Plaintiff's  Continued Tax Payments Post Missed Payments, including his payment on August 26, 2015 of the 2015 summer tax obligation (although the Property was then owned by Defendant County), two weeks prior to the September 11, 2015 Tax Sale, the Defendant's Treasurer's instruction resulting in Denial of Acceptance of Sale Avoidance Action is contrary to the legislative intent, as set forth in Act[3] and is inequitable, unjust, and against the public policy; and has denied Plaintiff equal protection under the law.

---

[3] The Act states that the legislative purpose is to achieve the payment of delinquent taxes so as to place the property back on the tax rolls as quickly as possible; and specifically confirms that this is a "public purpose". Plaintiff's immediate payment of the past due small dollar amount of past due taxes, as requested on September 11, 2015, would have satisfied the legislative intent and Plaintiff's financial obligations for this public purpose.

39. Defendant Treasurer  has, under similar circumstances as in the instant case, removed properties from the Auction and accepted payment after the Foreclosure Event when compliance with the Public Purpose of the Act warrants; and Defendant's refusal to so in response to Plaintiff's ability and request to immediately pay the *de minimus* amount owed, has resulted in Plaintiff's right to equal treatment under the law, and in the Defendant's wrongful taking of Plaintiff's interest in Property for public purposes without just compensation and thereby has caused Defendant to violate the Constitutionally imposed legal obligation to commence condemnation proceedings under such circumstances.

40.  Following Denial of Acceptance of  Avoidance Action, Defendant Treasurer caused the Property to be sold at the 2015 Auction.  ("Auction Sale").

41. The Property was sold at the Auction Sale for the purchase price of $168,000 ("Auction Sale Proceeds"), causing Plaintiff to lose the value of the Property in a sum determined at trial in this matter but which Plaintiff claims is not less than $200,000.00 ("Plaintiff's Inverse Condemnation Damages").  See **Exhibit 6**, the Quit Claim Deed issued by Defendant's Treasurer.

42. Pursuant to applicable provisions of the Tax Act, the Defendant has control of the Auction Sale Proceeds which it has used or will use for "public purposes", in violation of the Fifth Amendment to the US Federal Constitution and the Michigan Constitution 1963, and thereby entitling Plaintiff to Plaintiff's Inverse Condemnation Damages.

43. As of the date of the Defendants' sale of Property at the Auction Sale, and continuing to the present time, neither Defendants nor the local taxing authority refunded to Plaintiff the 2015 Summer Tax Payment and therefore, since there was no tax owed by the Defendant County at the time of such payment, the Plaintiff's 2015 summer tax payment was required to have

been applied toward the unpaid obligation owed by the local taxing authority to the Defendant County for its obligations to the Defendant County's revolving delinquent tax fund for the de-minimus 2012 unpaid winter tax bill owed for the Property, and thereby nullifying the legal right of the Defendant County to sell Property under the provisions of the Tax Act and in contradiction of the public purpose of the Tax Act. .

## COUNT I - INVERSE CONDEMNATION CLAIM

44. Plaintiff restates his allegations set forth in Paragraphs 1 through 43, which are incorporated herein by reference.

45. Under the Michigan and United States Constitutions, Plaintiff is entitled to just compensation for the value of the Property taken by Defendants under the totality of the circumstances set forth in this Complaint which is a taking of Property for public purposes without paying to Plaintiff his claimed Plaintiff's Inverse Condemnation Damages.

46. The Defendants' taking of Plaintiff's equity in his Property by retaining the surplus of proceeds from the Tax Sale in the sum of Plaintiff's Inverse Condemnation Damages, constitutes a taking without just compensation; and constitutes a violation of 42 USC § 1983, as a taking of property by the County of Wayne, State of Michigan, without just compensation.

47. Defendants, acting in concert, have failed and  have refused to commence condemnation proceedings as a legal requirement imposed by the United States and Michigan's Constitutions, and  have failed and refused to pay Plaintiff's Inverse Condemnation Damages, which failures and refusals entitle Plaintiff to commence this action before this Court.

14

48. Defendant's actions and failure to act are a violation of Plaintiff's rights under the Fifth Amendment of the United States Constitution and under Article 10, § 2, of the Michigan Constitution.

49. The failure of the Tax Act to provide a basis to and an avenue for recovery of teh surplus proceeds or any equity permits a taking without just compensation and the statute is therefore unconstitutional on its face.

50. Defendants' reliance upon the Act in support of its refusal to pay Plaintiff's Inverse Condemnation Damages is a "de facto" taking  for the reason that the Defendants' refusal so deprives Plaintiff of the value of Property that the Defendant's actions under the Act, as herein identified and set forth, constitutes a "taking".

**WHEREFORE**, Plaintiff respectfully request judgment of this Court ordering Defendants to pay Plaintiff   the Plaintiff's Inverse Condemnation Damages in an amount proven at trial, together with his attorney fees and costs  incurred in pursuing this Action as provided by 42 USC § 1983 or on other grounds; and or any other relief as necessary to redress the violations of Plaintiff's rights secured by the Constitution and laws.

## COUNT II - DECLARATORY JUDGMENT RELIEF

51. Plaintiff restates his allegations set forth in Paragraphs 1 through 46, which are incorporated herein by reference .

52. Pursuant to MCR 2.605, this Court may declare the rights and other legal relations of Plaintiff and Defendant as set forth in Declaratory Judgment Relief, as hereinafter requested,, whether or not other relief is or could be sought or granted.

53. This Court has jurisdiction of an action that would be based on the same claims in which Plaintiffs could seek relief other than a declaratory judgment.

15

54. The existence of another adequate remedy does not preclude Declaratory Judgment Relief.

55.  An actual controversy exists between Plaintiff and the Defendants regarding the Defendants' administration of the GPTA (Tax Act) forfeiture-foreclosure and sale process, including the retention and/or accounting of the August 2015 Payment,  and therefore the constitutionality of the manner and form of doing so and the legal enforceability of the Judgment of Foreclosure by and through which the Defendants have been inequitably, unjustly, and unconstitutionally enriched.

56.  Plaintiff is entitled to and hereby seeks a declaratory judgment of this Court that the failure of the Tax Act to provide a delinquent taxpayer a basis for and an avenue to recover the equity in his real property after it is taken violates the Plaintiff's right to just compensation and equal protection; and to determine the rights of Plaintiff resulting from Defendants' de facto taking of Property under the Act without paying Plaintiff the value the Property by and through Defendants' retention of the excess funds derived from the Tax Sale under the Act in a sum exceeding $166,000 and notwithstanding Plaintiff's payment of and the taxing authority acceptance and retention of a sum of money paid by Plaintiff prior to the Auction Sale that was approximately twice the owed delinquent tax amount for which the Property was sold ; and specifically, a declaratory judgment of this Court that the facts of this case as set forth herein, and the refusal of the Defendant to pay to Plaintiff the excess funds derived from the Tax Sale of Property while accepting the August 2015 Payment without a refund or accounting, constitutes a de facto taking for which Plaintiff is entitled to be paid by Defendant the value of the Property so taken.

57. Plaintiff is also entitled to a declaration that Defendants failure and refusal to accept Plaintiff's offer to immediately pay the de-minimus delinquent tax obligation in the approximate sum of $1,200, prior to the Tax Sale, while contemporaneously accepting and failing to account for the August 2015 payment in the approximate sum of $2,400 from Plaintiff (even though Plaintiff ownership of Property was "foreclosed") and/or while allowing other tax payers to payoff their tax debt post-foreclosure of their property pursuant to Defendant's Treasurer's retained right to do so by rules

promulgated by Defendants, is a denial of Plaintiff's right to equal protection; is contrary to the

legislative intent of the Tax Act;  and based upon constitutional and equitable principals, estops and

bars Defendants' right to retain the value of Plaintiff's property so wrongfully taken by the Tax Sale.

58.  Plaintiff claims that under the facts of this case, the Defendants' retention of Surplus Funds, in

reliance upon the Act, is a de facto taking, for which Plaintiff is entitled to just compensation in the

amount of Plaintiff's Inverse Condemnation Damages.

59.    This Court, pursuant to MCR 2.605(D) may order a speedy hearing of Plaintiffs request for

Declaratory Judgment Relief and may advance this matter on the calendar.

**WHEREFORE**, the Plaintiffs prays for a declaratory judgment of this Court

A. determining the right of Plaintiff to seek just compensation under the applicable

provisions of the United States' and Michigan's Constitution arising out of  the

Defendant's de facto taking of Property pursuant to the Act, and specifically a declaration

that the facts set forth in this Complaint resulting in the Defendant's retention of the

Surplus Funds for public purposes under the Act, constitutes a de facto taking of

Plaintiff's Property for which Plaintiff is entitled to "just compensation";

B. determining the right of Plaintiff to seek and be compensated by Defendant for his costs

and attorney fees to the same extent as he would be entitled had Defendant commenced

condemnation proceedings against Plaintiff under Michigan's Condemnation Act;

C.  compelling Defendants to pay to Plaintiff the just compensation for the de facto taking of

Plaintiff's Property as the parties may agree or as determined by judicial proceedings; and

D. Determining right of Plaintiff to seek and be compensated by Defendants for damages

arising as a consequence of Defendants violation of Plaintiff's equal protection rights

afforded him by the U. S. Constitution and the Michigan Constitution, pursuant to 42

USC § 1983.

# COUNT III - VIOLATION OF RIGHT
# TO EQUAL PROTECTION

60. Plaintiff restates his allegations set forth in Paragraphs 1 through 59, which are incorporated herein by reference.

61. The United States and Michigan Constitutions guarantee all persons equal protection under the law. U. S. Constitution, Amendment XIV, § 1; Michigan Constitution 1963, Article 1, § 2.

62.  The purpose of the equal proteton provisions is to protect against discrimination among similarly situated individuals thereby ensuring that they are treated alike.

63.  All property owners, including delinquent taxpayers, have a fundamental right to the equity in their real property; and to be free of arbitrary and capricious exercise of governmental authority affecting that fundamental right.

64. The public purpose of the Tax Act is to establish and maintain a tax collection system that has as its primary objective to keep real property on the tax rolls, and/or to cause real property for which taxes are unpaid to be returned to the status of non delinquency as soon as possible ("Tax Act Objective").

65. The Tax Act Objective grants to the tax collecting governmental unit, the flexibility to achieve Tax Act Objective by affording tax payers who are delinquent the opportunity to retain the equity in their property by paying the delinquent tax, post foreclosure, and thereby precluding both the loss of equity by the delinquent taxpayer, and the recovery of delinquent tax revenues without risk or additional expenses by the tax collecting governmental unit. ("Tax Sale Avoidance Authority").

66. Defendants have promulgated rules to permit the exercise of Tax Sale Avoidance Authority, by which the Defendant Treasurer agree to allow a delinquent tax payer, for any reason, to

save the foreclosed property from the Tax Sale, by agreeing to accept payment(s) from the delinquent tax payer to pay the delinquent tax obligation post foreclosure event. ("Delinquent Taxpayer Relief").

67. Defendant Treasurer, as the agent for the exercise of Tax Sale Avoidance Authority, has granted Delinquent Taxpayer Relief on a case by case basis, to other delinquent tax payers in circumstances similar to that of Plaintiff's request to pay the inadvertently missed and delinquent tax obligations post Foreclosure Event.

68. Defendants refusal to exercise Tax Sale Avoidance Authority and to grant Plaintiff's request to pay the inadvertently missed and delinquent tax obligations post Foreclosure Event, was arbitrary and capricious exercise of such authority, without rational basis and contrary to the stated public purpose of the Tax Act; and violates Plaintiff's right to equal protection.

**WHEREFORE**, Plaintiff respectfully request judgment of this Court ordering Defendants to pay Plaintiff  an award of damages, including all applicable interest, in an amount to be determined at trial, together with his attorney fees and costs  incurred in pursuing this Action as provided by 42 USC § 1983 or on other grounds; and or any other relief as necessary to redress the violations of Plaintiff's rights secured by the Constitution and laws.

Respectfully    Submitted:


/s/ Daniel J. Lehman
By:  Daniel J. Lehman (P66126)
THE LAWW OFFICES OF DANIEL J. LEHMAN, PLLC
Attorneys for Plaintiff
32000 Northwestern Highway, Suite 128
Farmington Hills, MI 48334
(248) 882-3906
dan@djlehmanlaw.com

Dated:  March 30, 2021

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues so triable and an   advisory jury

on any other claims and issues.

Respectfully Submitted:

/s/ Daniel J. Lehman
By:  Daniel J. Lehman (P66126)
THE LAWW OFFICES OF DANIEL J. LEHMAN, PLLC
Attorneys for Plaintiff
32000 Northwestern Highway, Suite 128
Farmington Hills, MI 48334
(248) 882-3906
dan@djlehmanlaw.com

Dated:  March 30, 2021

# EXHIBIT 1

2015353090   L: 52458 P: 788   JOF
09/15/2015 05:30:46 PM Total Pages: 1
Bernard J. Youngblood, Register of Deeds - Wayne County, MI
ELECTRONICALLY RECORDED

# WAYNE COUNTY TREASURER
## NOTICE OF JUDGMENT OF FORECLOSURE

Required By Section 211.78k(8) of the General property Tax Act, 1893 PA 206 as amended, MCL 211.78k(8)

On __March 20,2015__ in Civil Action No.__14-007672-CH__, the Circuit Court for the Third Judicial Circuit, Wayne County, entered a Judgment of Foreclosure in the Matter of the Petition of the Wayne County Treasurer against the real property described below vesting absolute title to the real property described below in the Wayne County Treasurer as provided in Section 211.78k of the General Property Tax Act., 1893 PA 206, as amended, MCL.211.78k, if not redeemed within 21 days after entry of the Judgment. This Judgment became final and unappealable on __March 31,2015__. The Judgment vests good and marketable absolute fee simple title in the Wayne County Treasurer. Any recorded or unrecorded interests and all liens are extinguished, except for future installments of special assessments and liens or interests recorded by the state or the foreclosing governmental unit pursuant to the natural resources and environmental protection act, 1994 PA 451, as amended.

Parcel ID #: __83054010012000__          Property forfeited to the Wayne County Treasurer on __March 1, 2014__
                                          Certificate of Forfeiture recorded at Liber __51467__ Page __845__

Parcel Address:(if available): __42671 PRESWICK CT, VAN BUREN TWP__

Property Description of the property:
   14E 12 LOT 12 ANDOVER FARMS SUB NO. 1 T3S R8E L106 P28 TO 31 WCR

Commonly known as: 42671 PRESWICK CT, VAN BUREN TWP

Dated this Day __08/21/2015__

Raymond J. Wojtowicz
**Wayne County Treasurer**

# EXHIBIT 2

Van Buren Township

**Detailed Tax Information**                                     **Van Buren Township**

[Back to Non-Printer Friendly Version]   [Send To Printer]

**Parcel:** 83 054 01 0012 000 **Data Current As Of:** 8/28/2015 2:38:20 AM

This website only contains property tax payment info for taxes paid prior to March 1st of a specific tax year. Real property taxes are considered delinquent as of March 1st. See Wayne County

| Property Address | [collapse] |
|---|---|

42671 PRESWICK CT
BELLEVILLE, MI 48111

| Owner Information | [collapse] |
|---|---|

PALAKURTHI, NAGESH-LAKSHI                    **Unit:**        83
42671 PRESWICK
BELLEVILLE, MI 48111

| Taxpayer Information | [collapse] |
|---|---|

SEE OWNER INFORMATION

| Legal Information for 83 054 01 0012 000 | [collapse] |
|---|---|

14E 12 LOT 12 ANDOVER FARMS SUB NO. 1 T3S R8E L106 P28 TO 31 WCR

**Enter Future Interest Date:**   8/28/2015      [Re-Calculate]

**\*\*Note:** On March 1 at 00:00, local taxes become ineligible for payment at the local unit. The total due shown for prior year taxes is as of the annual settlement date with the County for that particular tax year and does not reflect any payments, fees, or interest accrual that may have occurred after the settlement date. For updated tax information, please check with the local County.
Use the +/- button to expand and collapse the Tax Detail Information.

| Year / Season | Total Amt | Total Paid | Last Paid | Total Due | |
|---|---|---|---|---|---|
| ± 2015, Summer | $2,410.49 | $0.00 | | $2,410.49 | \*\* Pay Tax Bill Now |
| ± 2014, Winter | $807.85 | $807.85 | 02/03/2015 | $0.00 | |
| ± 2014, Summer | $2,431.32 | $2,407.09 | 02/03/2015 | $24.23 | \*\*Read Note Above |
| ± 2013, Winter | $806.21 | $806.21 | 12/09/2013 | $0.00 | |
| ± 2013, Summer | $2,278.96 | $2,278.96 | 09/13/2013 | $0.00 | |
| ± 2012, Winter | $855.71 | $0.00 | | $855.71 | \*\*Read Note Above |
| ± 2012, Summer | $2,225.58 | $2,225.58 | 09/13/2012 | $0.00 | |
| ± 2011, Winter | $741.51 | $741.51 | 12/09/2011 | $0.00 | |
| ± 2011, Summer | $2,346.34 | $2,346.34 | 10/31/2011 | $0.00 | |
| ± 2010, Winter | $1,058.59 | $0.00 | | $1,058.59 | \*\*Read Note Above |
| ± 2010, Summer | $3,442.34 | $0.00 | | $3,442.34 | \*\*Read Note Above |
| ± 2009, Winter | $1,939.32 | $0.00 | | $1,939.32 | \*\*Read Note Above |

Van Buren Township

| | | | | | |
|---|---|---|---|---|---|
| ± 2009, Summer | $4,326.81 | $0.00 | | $4,326.81 | **Read Note Above |
| ± 2008, Winter | $1,960.19 | $0.00 | | $1,960.19 | **Read Note Above |
| ± 2008, Summer | $2,032.66 | $0.00 | | $2,032.66 | **Read Note Above |
| ± 2007, Winter | $1,989.27 | $0.00 | | $1,989.27 | **Read Note Above |
| ± 2007, Summer | $1,384.03 | $1,384.03 | 09/07/2007 | $0.00 | |
| ± 2006, Winter | $1,399.47 | $1,399.47 | 12/31/2006 | $0.00 | |
| ± 2006, Summer | $1,181.16 | $1,181.16 | 09/26/2006 | $0.00 | |
| ± 2005, Winter | $1,507.06 | $1,507.06 | 12/31/2005 | $0.00 | |
| ± 2005, Summer | $994.97 | $994.97 | 09/19/2005 | $0.00 | |
| ± 2004, Winter | $1,622.36 | $1,622.36 | 01/19/2005 | $0.00 | |
| ± 2004, Summer | $860.37 | $860.37 | 01/19/2005 | $0.00 | |
| ± 2003, Winter | $2,289.61 | $0.00 | | $2,289.61 | **Read Note Above |
| ± 2003, Summer | $733.58 | $733.58 | 08/21/2003 | $0.00 | |
| ± 2002, Winter | $1,739.28 | $1,739.28 | 01/01/2003 | $0.00 | |
| ± 2002, Summer | $685.63 | $685.63 | 09/01/2002 | $0.00 | |
| ± 2001, Winter | $1,552.98 | $1,552.98 | 01/01/2002 | $0.00 | |
| ± 2001, Summer | $698.93 | $698.93 | 09/01/2001 | $0.00 | |
| ± 2000, Winter | $1,408.90 | $1,408.90 | 01/01/2001 | $0.00 | |
| ± 2000, Summer | $678.86 | $678.86 | 09/01/2000 | $0.00 | |

**Disclaimer:  BS&A Software provides this Web Site as a way for municipalities to display information online and is not responsible for the content or accuracy of the data herein.  This data is provided for reference only and WITHOUT WARRANTY of any kind, expressed or inferred.  Please contact your local municipality if you believe there are errors in the data.
Privacy Policy

# EXHIBIT 3

RAYMOND J. WOJTOWICZ
WAYNE COUNTY TREASURER
400 Monroe - 5th Floor
Detroit MI 48226-2942
(313) 224-5990



Nagesh K Palakurthi                                          **Web:**treasurer.waynecounty.com
26980 Trolley Industrial Dr                                 **Email:**taxinfo@co.wayne.mi.us
Taylor, MI 48180

# D U P L I C A T E

## Tax Receipt

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Receipt Number:** | 010-2011-187584 | | | | **Date:** | | 12/06/11 |
| **Bundle:** | 5063857 | | | | **Interest Effective Date:** | | 12/05/11 |

**Receipt Details:**

| Municipality - Parcel ID | Tax Year | Paid Tax | Paid Int & Fees | Paid Total | Due Tax | Due Int & Fees | Due Total |
|---|---|---|---|---|---|---|---|
| 83 - 83054010012000 | 2009 | $4,978.68 | $2,135.11 | $7,113.79 | $0.00 | $0.00 | $0.00 |
| 42671 PRESWICK CT | 2010 | $3,499.17 | $504.89 | $4,004.06 | $0.00 | $0.00 | $0.00 |
| | | | Total: | $11,117.85 | | Through 12/31/11 | $0.00 |
| | | | Receipt Total: | $11,117.85 | | | |

| Summary Information: | |
|---|---|
| Date Created: 12/06/11 09:35:48 AM | Issued By: 1 |
| Date Printed: 09/10/15 08:00:31 PM | Type: Web |

Dear Fellow Taxpayer:
Thank you for your payment of property taxes. This payment supports Wayne County, your local community, and other government agencies in providing essential government services. Your payment is really greatly appreciated.

Sincerely,

*Raymond J. Wojtowicz*

RAYMOND J. WOJTOWICZ
Wayne County Treasurer

# EXHIBIT 4



NAGESH PALAKURTHI   03-93
LAKSHMI C. PALAKURTHI
1741 HERON RIDGE DR.
BLOOMFIELD HILLS, MI 48302-0724

4068
74-6879/724

PAY TO THE
ORDER OF _____ VANBUREN TOWNSHIP _____  |$ 807.85

Eight hundred Seven and 85/100 _____ DOLLARS

01/06/2015
DATE

dfcu
FINANCIAL

400 TOWN CENTER DRIVE
DEARBORN, MICHIGAN 48126

MEMO 83-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-000

⑆072486879⑆: 0002490999⑈  4068

2014 Winter

**NAGESH PALAKURTHI**   03-93
**LAKSHMI C. PALAKURTHI**
1741 HERON RIDGE DR.
BLOOMFIELD HILLS, MI 48302-0724

8084
74-8679/724

08|28|2015
DATE

PAY TO THE
ORDER OF   _VAN BUREN, TOWNSHIP_   $ _2140.99_

_Two Thousand fourteen and 99/100xxx_   DOLLARS

**dfcu** FINANCIAL
400 TOWN CENTER DRIVE
DEARBORN, MICHIGAN 48126
dfcufinancial.com

MEMO _PARCEL#83054010012000_

⑈072486791⑈ 000219099⑈ 8084

—COMERICA
LIVONIA, MI MI   8660   >07200
022339195 09-01-15

PAY TO THE ORDER OF
COMERICA BANK
BELLEVILLE, MI 48111
G72000096
FOR DEPOSIT ONLY
CHARTER TOWNSHIP OF VANBUREN
10010102725

# EXHIBIT 5a

RAYMOND J. WOJTOWICZ
WAYNE COUNTY TREASURER
400 Monroe - 5th Floor
Detroit MI 48226-2942
(313) 224-5990



Nagesh K Palakurthi
26980 Trolley Industrial Dr
Taylor, MI 48180

Web:treasurer.waynecounty.com
Email:taxinfo@co.wayne.mi.us

# D U P L I C A T E

## Tax Receipt

| Receipt Number: | 010-2011-187584 | | | | Date: | | 12/06/11 |
|---|---|---|---|---|---|---|---|
| Bundle: | 5063857 | | | | Interest Effective Date: | | 12/05/11 |

### Receipt Details:

| Municipality - Parcel ID | Tax Year | Paid Tax | Paid Int & Fees | Paid Total | Due Tax | Due Int & Fees | Due Total |
|---|---|---|---|---|---|---|---|
| 83 - 83054010012000 | 2009 | $4,978.68 | $2,135.11 | $7,113.79 | $0.00 | $0.00 | $0.00 |
| 42671 PRESWICK CT | | | | | | | |
| | 2010 | $3,499.17 | $504.89 | $4,004.06 | $0.00 | $0.00 | $0.00 |
| | | | Total: | $11,117.85 | | Through 12/31/11 | $0.00 |
| | | | Receipt Total: | $11,117.85 | | | |

| Summary Information: | |
|---|---|
| Date Created: 12/06/11 09:35:48 AM | Issued By: 1 |
| Date Printed: 09/10/15 08:00:31 PM | Type: Web |

Dear Fellow Taxpayer:
Thank you for your payment of property taxes. This payment supports Wayne County, your local community, and other government agencies in providing essential government services. Your payment is really greatly appreciated.
Sincerely,

RAYMOND J. WOJTOWICZ
Wayne County Treasurer

Page 1 of 1

# EXHIBIT 5b

**ERIC R. SABREE**
WAYNE COUNTY TREASURER
400 Monroe - 5th Floor
Detroit MI 48226-2942
(313) 224-5990



Nagesh K Palakurthi
26980 Trolley Industrial Dr
Taylor, MI 48180

**Web:** treasurer.waynecounty.com
**Email:** taxinfo@co.wayne.mi.us

# D U P L I C A T E

# Tax Receipt

| Receipt Number: | 010-2011-187584 | | Date: | 12/06/11 |
|---|---|---|---|---|
| Bundle: | 5063857 | | Interest Effective Date: | 12/05/11 |

**Receipt Details:**

| Municipality - Parcel ID | Tax Year | Paid Tax | Paid Int & Fees | Paid Total | Due Tax | Due Int & Fees | Due Total |
|---|---|---|---|---|---|---|---|
| 83 - 83054010012000 | 2009 | $4,978.68 | $2,135.11 | $7,113.79 | $0.00 | $0.00 | $0.00 |
| 42671 PRESWICK COURT | 2010 | $3,499.17 | $504.89 | $4,004.06 | $0.00 | $0.00 | $0.00 |
| | | **Total:** | | $11,117.85 | | Through 12/31/11 | $0.00 |
| | | **Receipt Total:** | | $11,117.85 | | | |

**Summary Information:**

| Date Created: 12/06/11 09:35:48 AM | Issued By: 1 |
|---|---|
| Date Printed: 11/22/17 08:01:26 PM | Type: Web |

Dear Fellow Taxpayer:

Thank you for your payment of property taxes. This payment supports Wayne County, your local community, and other government agencies in providing essential government services. Your payment is really greatly appreciated.

Sincerely,

*Eric R Sabree*

ERIC R. SABREE
Wayne County Treasurer

Page 1 of 1

# EXHIBIT 5c

Wayne County Treasurer - Raymond J. Wojtowicz, eTaxPayment                https://www.payconnexion.com/pconWeb/public/payment/confirmP...

## Payment Confirmation - eTaxPayments Raymond J. Wojtowicz, Treasurer

Thank you for your payment!

Please be aware that it may take up to three business days to post your payment. However, your property tax payment will be applied to the taxes due as of today's date. Electronic payments are accepted as conditional payment of taxes. If your financial institution returns a payment, the amount of the payment will be added to the tax bill without further notice, and will be subject to applicable interest and fee charges. In addition, a $25.00 return item fee will be added to the amount of taxes due.

Please keep a record of your Confirmation Number, or print this page for your records.

**Confirmation Number: WCTWCT000161902**
Confirmation Date (ET): **Dec-05-2011 09:33:36 AM**

Your Payment Detail

Payment Amount: **$11,117.85**
Scheduled Payment Date: **Dec-05-2011**
Amount Due: **$11,117.85**
Year(s): **2009 \ 2010**
Interest Date: **December-01-2011**

Your Account Detail

Bank Routing Number: **072000805**
Bank Account Number: **XXXXXXXXXXXX1992**
Bank Account Type: **Checking**
Bank Account Category: **Business**

E-mail Address: **npalakurthi@angstrom-usa.com** ✓

# EXHIBIT 6

2015460698   L: 52636 P: 1144   QCD
12/22/2015 02:39:08 PM Total Pages: 1
Bernard J. Youngblood, Register of Deeds - Wayne County, MI
ELECTRONICALLY RECORDED

# WAYNE COUNTY TREASURER
## QUIT CLAIM DEED
### (Issued under Act 206 Public Acts of 1893, as Amended by Act 123 of Public Acts of 1999)

Richard P. Hathaway, Treasurer of the Charter County of Wayne, Michigan, hereinafter called the Grantor/Treasurer whose address is 400 Monroe, Suite 520, Detroit, Michigan 48226, by authority of Act 206 of Public Acts of 1893, as amended by Act 123 of Public Acts of 1999, as amended, conveys and quit claims to:

**LAKSHMI C PALAKURTHI , PALAKURTHI PLLC**

hereinafter called the Grantee, whose address is:

**1777 AXTELL ROAD SUITE 109 , MI 48084** _____ the following described premises located in the **TOWNSHIP OF VAN BUREN , WAYNE COUNTY, MI**

Tax Parcel I.D. #: **83054010012000**
Legal Description
**14E 12 LOT 12 ANDOVER FARMS SUB NO. 1 T3S R8E L106 P28 TO 31 WCR**

**Commonly known as: 42671 PRESWICK CT BELLEVILLE, MI 48111**

For the full consideration of **$168,000.00** _____ Dollars.          Date: **December 22, 2015**

Pursuant to the provisions of Section 78k(5)(c) and 78k(5)(e) parcels are subject to visible or recorded easements and rights of way, private deed restrictions; building restrictions of record; all future installments of special assessments and liens recorded by the State or the foreclosing governmental unit or restrictions or other governmental interests imposed pursuant to the Natural Resources and Environmental Protection Act being Public Act 451 of 1994. This conveyance is exempt from taxes pursuant to MCL 207.505(h)(1) and MCL 207.526(h)(1).

**Declaration of Conditions Subsequent.** This Declaration is made to give record notice of the conditions subsequent to the sale of the Property by imposition of the following restrictions on the sale to the Property.

A.   That Grantee or any subsequent Purchaser/Assignee shall pay all tax obligations due on the date the Deed is issued and shall keep current payment on all tax obligations for the two years following the date the deed was issued.

B.   That Grantee or subsequent Purchaser/Assignee shall either demolish the property within six months following the date of the deed or maintain and secure the Property for two years following the date of the deed from Grantor/Treasurer in accordance with local building, health and public safety ordinances.

C.   That failure of the Grantee or subsequent Purchaser/Assignee to comply with above clauses A and/or B or to cure the default within 30 days of written notice may result in a reversion of the title or the Property to the Grantor/Treasurer or assigned to the State of Michigan, County of Wayne, City, or Township, where the property is located, at the discretion of the Grantor/Treasurer. The right of reversion of title shall reinstate fee simple absolute title to the Grantor/Treasurer or to Treasurer's assignee within 30 days of failure to cure default, unless extended at the Treasurer's sole discretion. Written notice of default and failure to cure default addressed to the Grantee and mailed to the Grantee's address as written on the deed shall be notice to any subsequent Purchaser/Assignee, unless a copy of the Property Transfer Affidavit (PTA) that was filed with the local Assessor and which includes any change of mailing address is hand delivered to and signed as received by said Grantor/Treasurer, or designated representative. DURING THE TAX YEARS THAT THE CONDITIONS SUBSEQUENT APPLY, THIS PROPERTY SHALL NOT BE SOLD, CONVEYED OR TRANSFERRED UNLESS ALL TAXES ARE PAID IN FULL. VIOLATORS SHALL BE PERSONALLY LIABLE TO PURCHASER AND/OR GRANTOR/TREASURER FOR DAMAGES AND AGREE TO SUBMIT TO THE JURISDICTION OF THE COURTS IN THE STATE OF MICHIGAN.

In Witness Whereof the Grantor, has signed and affixed the seal of the Wayne County Treasurer the day and year first above written.

STATE OF MICHIGAN   )
                                         )ss
COUNTY OF WAYNE    )

_Richard D P. Hathaway_
Richard P. Hathaway
Wayne County Treasurer

The foregoing instrument was acknowledged before me on this **22** day of **December**, **2015** by Richard P. Hathaway, Wayne County Treasurer.

FELECIA ANN TYLER
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Jul 29, 2019
ACTING IN COUNTY OF **Wayne**

_Felecia A. Tyler_
Notary Public, Wayne County Michigan

Prepared by Wayne County Treasurer
400 Monroe Street, Detroit, Michigan 48226

When recorded return to: Grantor
Send subsequent tax bills to: Grantee