## UNITED STATES DISTRCT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

NAGESH PALAKURTHI,
  Plaintiff,

  v.

WAYNE COUNTY, in its municipal
capacity; and

ERIC R. SABREE, in his official and
individual capacities as the Wayne
County Treasurer,
  Defendants

_____/

Case No. 21-cv-10707
 Hon. Linda V. Parker

**FIRST AMENDED COMPLAINT
WITH JURY DEMAND**

## FIRST AMENDED COMPLAINT

  NOW COMES Plaintiff Nagesh Palakurthi, by and through counsel, and assert the following complaint—

## INTRODUCTION

  1. This is a case of gross governmental abuse that cries out for a remedy. Defendants have illegally seized and continue to seize property in the form of excess/surplus equity a private individual without any compensation at all.

  2. The abuse stems from the aftermath following the tax foreclosure process. Michigan law generally authorizes counties to foreclose on parcels in order to satisfy outstanding unpaid property taxes. Defendants do not foreclose on the parcel, sell it, keep the amount of outstanding taxes plus

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

reasonable fees, and return the rest to the property owner. Rather, they foreclose, sell the property at a reduced amount, and keep *all* of the proceeds and excess/surplus equity for itself. As a result, property owners lose the entire value of their property, which is often orders of magnitude more than the outstanding tax bills.

3.     As set forth below, this constitutes a violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; a violation of Article X, Section 2 of the Michigan Constitution; and an impermissible inverse condemnation under Michigan law.

**PARTIES**

4.     Plaintiff Nagesh Palakurthi is a resident of Oakland County, Michigan and was formerly the owner of 42671 Preswick Court, Belleview (Van Buren Township) in Wayne County, Michigan.

5.     Defendant WAYNE COUNTY is a named legal entity formed and/or existing under the laws of the State of Michigan.

6.     Defendant ERIC R. SABREE is current treasurer of Wayne County; he is sued in both his individual and official capacities.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**JURISDICTION**

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343 and 42 U.S.C. § 1983, which authorizes federal courts to hear and decide civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

8.      Venue is proper in this Court as Defendants, individually and collectively, conduct or have conducted their business in the Eastern District of Michigan.

**GENERAL ALLEGATIONS**
**MICHIGAN'S TAX FORECLOSURE PROCESS**

9.      Like many states, Michigan provides for the taxation of real property in order to finance local governments such as counties, municipalities, and school districts and the collection of delinquent taxes.

10.     However, this case involves what happens after the taxation process is completed and excess or surplus equity remans after each county is paid in full for all delinquent taxes, interest, penalties, and fees.

11.     Defendants administer a foreclosure-and-auction process so that after they regularly sell a parcel at auction (often times for less than its fair market value) and retain the *entire* amount of the proceeds. Furthermore,

3

even if the sale proceeds exceed the amount of the delinquent taxes – indeed, even if the proceeds far exceed the tax bill – they do not return any of the excess to the property's former owner or provide compensation for that portion of the equity destroyed by underselling the parcel.

12.    As used in this pleading, "Tax Delinquency" means the past due tax owed on a property plus additional compounding interest, fees, penalties, and costs; "Equity" means the amount by which a property's value exceeds its tax delinquency.

## GENERAL ALLEGATIONS

13.    Plaintiff Nagesh Palakurthi was the owner of the real property commonly known as 42671 Preswick Court, Belleview (Van Buren Township), Wayne County Michigan (hereinafter the "Preswick Court Property").

14.    On or around March 20, 2015, the County Treasurer successfully petitioned for and seized ownership of the Preswick Court Property through a judgment of foreclosure, via an *in-rem* proceeding, on behalf of Defendant Wayne County.

15.    At no time, until on or about September 10, 2015, was Plaintiff Nagesh Palakurthi informed or aware that the Property was schedule for sale at the pending Tax Auction being conducted by Defendant Treasurer

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

4

pursuant to a real estate tax foreclosure event, notwithstanding the fact that Plaintiff Nagesh Palakurthi paid real estate taxes on the Preswick Court Property for the years 2013 and 2014; and paid that real estate taxes in advanced for the period from July 1 2015 through June 30, 2016, while the Property was seized by Wayne County.

16.   Plaintiff Nagesh Palakurthi had paid all due and owing real estate taxes for the property for the years 2000 to the date of the auction sale of the Nagesh Palakurthi Property in September 2015, except for the Winter 2012 taxes, in the sum of $806.21, and the Summer 2014 taxes in the sum of $26.61 (the balance of which Summer 2014 taxes in the sum of $2,407.09 was paid by Plaintiff). These were inadvertently missed payments.

17.   Plaintiff Nagesh Palakurthi paid the real estate taxes owed for 2012, 2013, 2014 and 2015 (except for the inadvertently missed payments) to the Van Buren Township Treasurer, without any personal knowledge or notice of the inadvertently missed payments and without any personal knowledge or notice of the forfeiture of the Preswick Court Property or pending tax foreclosure sale.

18.   On September 11, 2015, Plaintiff Nagesh Palakurthi sent his administrative assistant to the Wayne County Treasurer's office with a blank personal check to pay the treasurer's office whatever the amount was

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

required to remove the Preswick Court Property from the tax foreclosure sale, and to pay the costs of collection incurred by the Wayne County or its treasurer.

19.   The Wayne County Treasurer's office, under the direction of Defendant Treasurer, refused to accept payment from Plaintiff Nagesh Palakurthi, and pursuant to such direction, wrongfully claimed that the Treasurer did not have the authority to accept a payment from Plaintiff Nagesh Palakurthi and to pull the Preswick Court Property from the tax auction.

20.   Defendants had, under similar circumstances as in the instant case, removed properties from the tax auction process and accepted payment after a foreclosure but refused to do so here; the reason is currently unknown.

21.   On behalf of Defendant County of Wayne, the County Treasurer sold the Preswick Court Property at tax auction to a private buyer on or around November 11, 2014 for $168,000.00.

22.   The sale price for the Preswick Court Property was far below the fair market value but above the Tax Delinquency.

23.   Defendants seized Plaintiff Nagesh Palakurthi's Equity in the Preswick Court Fair Property by foreclosing upon said property, selling it at

auction for an amount much lower than its fair market value, but still far more than the Tax Delinquency, and failing to return any of the Equity to him.

24. Neither Defendant Wayne County nor Defendant Eric R. Sabree afforded or has afforded any process, plan, or legal mechanism for Plaintiff Nagesh Palakurthi to seek or achieve the return of the Equity seized.

25. Thus, the Defendants took or destroyed all of Plaintiff Nagesh Palakurthi's Equity in the Preswick Court Property.

26. The Defendants refused and refuse to pay just compensation for Plaintiff Nagesh Palakurthi's Equity in the Preswick Court Property. These Defendants also have failed to provide any mechanism at all for any such compensation.

27. Neither the Defendant Wayne County nor Defendant Eric R. Sabree initiated any condemnation action or process for Plaintiff Nagesh Palakurthi's Equity in the Preswick Court Property.

## GENERAL ALLEGATIONS
## THE CONDUCT AT ISSUE HERE REFLECTS COUNTY POLICY

28. The actions described herein is the respective voluntary policy, custom, and/or practice of Wayne County and/or its final policymaker.

29. This voluntary policy and/or practice of Wayne County is sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

30.     Specifically, Defendant Wayne County made the affirmative, voluntary, and discretionary decision to select and designate its own treasurer to act as the Foreclosing Governmental Unit. See MCL 211.78(3)-(6).

31.     Moreover, Defendant Wayne County, either through enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority has administered the County's foreclosure and auction process generally, including MCL 211.78m(8), so that after the County sells a parcel at auction, the County retains the entire amount of the proceeds, even if the proceeds exceed the amount of the Tax Delinquency, and never returns anything to the property owner, nor provides any mechanism by which the property owner can secure a return of his Equity.

32.     According, the actions at issue here were undertaken pursuant to an official county policy for purposes of *Monell*.

33.     The General Property Tax Act, and specifically MCL 211.78m(8), did not require the practices that Plaintiff Nagesh Palakurthi complains of.

34.     THE GPTA, and in particular MCL 211.78m(8), are inherently unconstitutional: if the Act requires Defendants' conduct as set forth herein, then, the Act violates the Michigan and United States Constitutions.

35.     The actions of Defendants were designed to intentionally or wantonly cause harm to Plaintiff due to the utter disregard of Plaintiff's constitutionally protected rights.

**COUNT I**
**TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION**
**"ARISING DIRECTLY" UNDER FIFTH AMENDMENT**
**(AGAINST ALL DEFENDANTS)**

36.     The prior paragraphs are restated word for word herein.

37.     This claim is being made against all Defendants directly under and pursuant to the Fifth Amendment.

38.     Under federal precedent, "statutory recognition was not necessary" for a direct Fifth Amendment claim. "Claims for just compensation are grounded in the Constitution itself."

39.     The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a self-executing constitutional provision requiring the payment of just compensation upon the takings undertaken by Defendants.[1]

---

[1] To the extent that Defendants would argue that the Sixth Circuit's decision in *Thomas v. Shipka*, 818 F.2d 496 (6th Cir. 1987) asserting constitutional claim under 42 U.S.C. § 1983 id the exclusive remedy for the alleged constitutional violations, the United States Supreme Court held, about forty days later, on June 9, 1987, that "statutory recognition" of a Fifth Amendment takings claim "was not necessary" for a federal takings claim. *First English Evangelical Lutheran Church of Glendale v. County of L.A.*, 482 U.S. 304, 315 (1987). Such a cause of action was implied "because of the duty to pay imposed by the Amendment. The suits were thus founded upon the Constitution of the United States." *Id.* In other words, the Just Compensation Clause to the Fifth Amendment is self-

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

40.    Defendants have taken Plaintiff's property interests in the form of Equity – that is, the value of his property to the extent it exceeds the property's Tax Delinquency – and have appropriated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

41.    Defendants have refused to take any action for the payment of just compensation for their seizure of Equity from Plaintiff Nagesh Palakurthi.

42.    By Defendants' refusal to take any action for the payment of just compensation at the time of the taking, Defendants have deprived Plaintiff Nagesh Palakurthi of his constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and thus the violation can be remedied by a direct claim under the Fifth Amendment.

43.    Defendants have not paid just compensation.

44.    Defendants will not now pay just compensation.

45.    Defendants do not intend to pay just compensation in the future.

46.    Plaintiff Nagesh Palakurthi has been injured and have suffered damages.

---

executing, and a statutory cause of action, such as 42 USC § 1983, is unnecessary. *First English* overruled *Thomas* as applied to federal Fifth Amendment non-Section-1983 "directly arising" claims.

**COUNT II**
**TAKING – FIFTH/FOURTEENTH AMENDMENT VIOLATION**
**42 U.S.C. § 1983 (*KNICK*)**
**(AGAINST ALL DEFENDANTS)**

47.　The prior paragraphs are restated word for word herein.

48.　This claim is being made against both Defendants pursuant to 42 U.S.C. § 1983 and § 1988.

49.　The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by the defendants. See *Knick v Township of Scott*, 588 US __ (2019).

50.　Defendants have taken Plaintiff Nagesh Palakurthi's property interests in the form of Equity – that is, the value of his property to the extent it exceeds the property's Tax Delinquency – and have appropriated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

51.　Defendants have refused to take any action for the payment of just compensation for their seizure of Equity from Plaintiff Nagesh Palakurthi.

52.　The taking and/or failing to pay just compensation of the value of Plaintiff Nagesh Palakurthi's property violates 42 U.S.C. § 1983 and § 1988.

53.　Defendants have not paid just compensation.

54.　Defendants will not now pay just compensation.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

55.     Defendants do not intend to pay just compensation in the future.

56.     Plaintiff Nagesh Palakurthi has been injured and have suffered damages.

### COUNT III
### STATE LAW – INVERSE CONDEMNATION
### (AGAINST COUNTY OF WAYNE AND
### ERIC R. SABREE IN HIS OFFICIAL CAPACITY)

57.     The prior paragraphs are restated word for word herein.

58.     This Count is being pled in the alternative to Counts I and II. See *Detroit Tigers, Inc. v. Ignite Sports Media LLC*, 203 F. Supp. 2d 789 (2002); FRCP 8(d)(2).

59.     Defendants have taken Plaintiff Nagesh Palakurthi's property interests in the form of Equity – that is, the value of his properties to the extent it exceeds the property's Tax Delinquency – and have appropriated this property for public use without the payment of just compensation.

60.     Defendants have done so without using any direct condemnation processes, including those outlines under the *Uniform Condemnation Procedures Act*, MCL 213.51, et seq.

61.     Defendants have not and did not provide Plaintiff Nagesh Palakurthi any opportunity to claim the Equity in his property after the seizure and/or later sale of his property, nor do Defendants provide or have a

process for Plaintiff Nagesh Palakurthi to claim compensation at the time Defendants seized title to his taken property interests.

62. Defendants have not paid just compensation.

63. Defendants will not now pay just compensation.

64. Defendants do not intend to pay just compensation in the future.

65. An inverse condemnation with damages has occurred.

66. Plaintiff Nagesh Palakurthi has been injured and have suffered damages.

**COUNT IV**
**STATE LAW – VIOLATION OF MICHIGAN CONSTITUTION**
**ARTICLE X, SECTION 2**
**(AGAINST COUNTY OF WAYNE AND**
**ERIC R. SABREE IN HIS OFFICIAL CAPACITY)**

67. The prior paragraphs are restated word for word herein.

68. This Count is being pled in the alternative to Counts I and II. See *Detroit Tigers, Inc. v. Ignite Sports Media LLC*, 203 F. Supp. 2d 789 (2002); FRCP 8(d)(2).

69. Defendants have taken Plaintiff Nagesh Palakurthi's property interest in the form of Equity – that is, the value of his property to the extent it exceeds the property's Tax Delinquencies – and have appropriated this property for public use without the payment of just compensation.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

70.    Defendants have done so without any direct condemnation processes, including those outlined under the *Uniform Condemnation Procedures Act*, MCL 213.51 et seq and in violation of Article X, Section 2 of the Michigan Constitution.

71.    Defendants have not and did not provide Plaintiff Nagesh Palakurthi any opportunity to claim their Equity after the seizure and/or later sale of their respective property, nor do Defendants provide or have a process to claim compensation at the time Defendants seized title to their taken property interests.

72.    Defendants have not paid just compensation.

73.    Defendants will not now pay just compensation.

74.    Defendants do not intend to pay just compensation in the future.

75.    Plaintiff Nagesh Palakurthi has been injured and have suffered damages.

**COUNT V**
**VIOLATION OF THE EIGHTH AMENDMENT**
**42 U.S.C. § 1983**
**(AGAINST ALL DEFENDANTS)**

76.    The prior paragraphs are restated word for word herein.

77.    The Eighth Amendment to the United States Constitution is the part of the United States Bill of Rights prohibiting the government from

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

imposing excessive fines, which the US Supreme Court has applied to action(s) involving forfeitures.

78.    This Count is pled to the given that Defendants have asserted that Plaintiff Nagesh Palakurthi "forfeited" or, as it is sometimes described, "relinquished" his property interests pursuant to the GPTA.

79.    The Fourteenth Amendment applies to the Eighth Amendment to states and state actors such as Defendants.

80.    By imposing and retaining an excessive fine in the form of the forfeiture of value of the Equity interest in property in excess of the Tax Delinquency, Plaintiff's rights have been violated. See *Austin v. United States*, 509 U.S. 602 (1993).

81.    Defendants' retention of the Equity, which by definition is excusive of the Tax Delinquency, is punitive and not remedial.

82.    The conduct of Defendants was reckless and undertaken with complete indifference to Plaintiff's federal rights to be free from violations of the Eighth Amendment to the United States Constitution.

83.    Said actions violate the Eighth Amendment to the United States Constitution and are remedied by a money judgment against Defendants pursuant to 42 U.S.C. § 1983 and § 1988.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

84.     Plaintiff Nagesh Palakurthi has been injured and have suffered damages.

**COUNT VI**
**42 USC § 1983**
**VIOLATION OF PROCEDURAL DUE PROCESS**
**(AGAINST ALL DEFENDANTS)**

85.     The prior paragraphs are restated word for word herein.

86.     98. The Fourteenth Amendment guarantees procedural due process to Plaintiff Nagesh Palakurthi.

87.     Plaintiff Nagesh Palakurthi has a constitutionally-protected property interest in the Equity.

88.     Defendants have denied Plaintiff Nagesh Palakurthi these rights by failing to provide for any procedure at all for Plaintiff Nagesh Palakurthi to secure a refund of his Equity after the sale at auction, or even after its complete seizure in anticipation of same.

89.     As a direct and proximate result of the Defendants' failure to provide adequate procedural due process, Plaintiff Nagesh Palakurthi has been injured and have suffered damages.

90.     Plaintiff Nagesh Palakurthi does not have an adequate remedy at law except as set forth in this Complaint.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**COUNT VII**
**UNJUST ENRICHMENT**
**(AGAINST COUNTY OF WAYNE AND**
**ERIC R. SABREE IN HIS OFFICIAL CAPACITY)**

91.     The prior paragraphs are restated word for word herein.

92.     Defendants have illegally seized Equity from Plaintiff Nagesh Palakurthi.

93.     This illegal seizure has unjustly enriched the Defendant Wayne County.

94.     Under these circumstances, it is inequitable for the Defendant Wayne County to retain the proceeds from the sales of the properties at auction to the extent that the proceeds from each such sale exceeded the Tax Delinquency for each such property.

95.     Plaintiff Nagesh Palakurthi does not have an adequate remedy at law except as asserted in this Complaint.

96.     This unjust enrichment has injured and damaged the Plaintiff Nagesh Palakurthi.

**COUNT VIII**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**EQUAL PROTECTION**
**42 U.S.C. § 1983**
**(AGAINST ALL DEFENDANT SABRE)**

97.     The prior paragraphs are restated word for word herein.

98.    The United States Constitution guarantees all persons equal protection under the law. U. S. Constitution, Amendment XIV, § 1; see also Michigan Constitution 1963, Article 1, § 2.

99.    The purpose of the federal equal protection provision is to protect against discrimination among similarly situated individuals thereby ensuring that they are treated alike.

100.  All property owners, including delinquent taxpayers, have a fundamental right to the equity in their real property; and to be free of arbitrary and capricious exercise of governmental authority affecting that fundamental right.

101.  The public purpose or objective of the GPTA is to establish and maintain a tax collection system that has as its primary objective to keep real property on the tax rolls, and/or to cause real property for which taxes are unpaid to be returned to the status of non-delinquent as soon as possible.

102.  The statute and the underlying objection of the GPTA grants to the foreclosing governmental unit the flexibility to achieve the objective by affording taxpayers who are delinquent the opportunity to retain the equity in their property by paying the delinquent tax, post foreclosure, and thereby precluding both the loss of equity by the delinquent taxpayer, and the

18

recovery of delinquent tax revenues without risk or additional expenses by the tax collecting governmental unit.

103. Defendants have promulgated rules, practices and/or customs to permit the exercise of reasonable tax sale avoidance authority, by which the Defendant Treasurer agree to allow a delinquent tax payer, for any reason, to save the foreclosed property from a tax sale, by agreeing to accept payment(s) from the delinquent taxpayer to correct delinquent tax obligations.

104. Defendant Treasurer has granted such relief on a case-by-case basis to other delinquent tax payers in circumstances similar to that of Plaintiff's request to pay the inadvertently missed and delinquent tax obligations.

105. Defendant Treasurer's refusal to exercise the tax sale avoidance authority and to grant Plaintiff's request to pay, in full, the inadvertently missed and delinquent tax obligations violated Plaintiff's right to equal protection.

**RELIEF REQUESTED**

106. WHEREFORE, Plaintiff Nagesh Palakurthi respectfully requests this Court to enter an order:

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

a.    declaring the conduct of Defendants as being unconstitutional under the federal and state constitutions, even if being undertaken consistent with the *General Property Tax Act*;

b.    for an award of any and all damages available under law as applicable, including but not limited to an award of nominal and punitive damages as is deemed proper against any or all Defendants in all relevant capacities;

c.    for an award of interest as provided in *Knick v Township of Scott*;

d.    for an award of attorney fees and expenses pursuant to all applicable laws, rules, and statutes, including 42 U.S.C. § 1988; and

e.    for all such other legal and equitable relief which the Court deems proper.

## JURY DEMAND

107.   For all triable issues, a jury is hereby demanded.

Date: June 10, 2021                      RESPECTFULLY SUBMITTED:

                                         /s/Philip L. Ellison
                                         OUTSIDE LEGAL COUNSEL PLC
                                         BY PHILIP L. ELLISON (P74117)
                                         PO Box 107
                                         Hemlock, MI 48626
                                         (989) 642-0055
                                         pellison@olcplc.com

                                         Counsel for Plaintiff

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**CERTIFICATE OF SERVICE**

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: June 10, 2021                    RESPECTFULLY SUBMITTED:

/s/Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Counsel for Plaintiff

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com