UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAGESH PALAKURTHI,

        Plaintiff,

                                      Civil Case No. 21-10707

v.                                      Honorable Linda V. Parker

WAYNE COUNTY and
ERIC R. SABREE,

        Defendants.
_____/

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF NO. 14) AND FINDING MOOT PLAINTIFF'S MOTION TO STAY (ECF NO. 17)</u>**

        This action arises out of a property tax foreclosure of a home in Wayne County, Michigan. On March 30, 2021, Plaintiff Nagesh Palakurthi initiated this lawsuit against Defendants Wayne County and Wayne County Treasurer Eric Sabree ("Sabree"). (ECF No. 1.) Plaintiff is a former real property owner who alleges that Defendants violated several of his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments of the United States and Michigan Constitutions and state law in connection with the tax foreclosure process. On June 11, 2021, Plaintiff filed an Amended Complaint. (ECF No. 10.)

        In his pleading, Plaintiff does not challenge the state court judgment of foreclosure; instead, he asserts violations of his rights following the tax auction

sale of his property. (*See* Am. Compl., ¶ 2, ECF No. 10 at Pg ID 141 ("The abuse stems from the aftermath following the tax foreclosure process.").) Generally, Plaintiff alleges that Defendants' conduct amounts to an unconstitutional taking without just compensation. Plaintiff asserts the following claims:

    I)    Taking – Fifth/Fourteenth Amendment Violation "Arising Directly" Under [the] Fifth Amendment (Against All Defendants);

    II)    Taking – Fifth/Fourteenth Amendment Violation 42 U.S.C. § 1983 . . . (Against All Defendants);

    III)    State Law – Inverse Condemnation (Against County of Wayne and Eric R. Sabree in His Official Capacity);

    IV)    State Law – Violation of Michigan Constitution Article X, Section 2 (Against County of Wayne and Eric R. Sabree in His Official Capacity);

    V)    Violation of the Eighth Amendment 42 U.S.C. § 1983 (Against All Defendants);

    VI)    42 U.S.C. § 1983 Violation of Procedural Due Process (Against All Defendants);

    VII)    Unjust Enrichment (Against County of Wayne and Eric R. Sabree in His Official Capacity);

    VIII)    Violation of the Fourteenth Amendment Equal Protection 42 U.S.C. § 1983 Against All Defendant [sic] Sabre [sic]);

(Am. Compl., ECF No. 10 (capitalization removed).)

Presently before the Court is Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14.) The parties have fully

briefed the motion. (ECF Nos. 18, 20.) Further, Defendants filed a notice of supplemental authority. (ECF No. 21.)

Additionally before the Court is Plaintiff's Motion to Stay the Case Pending Class Certification in *Bowles v. Sabree et al.*, Case No. 20-cv-12838 (E.D. Mich. 2020). (ECF No. 17.) Defendants filed a response to the motion. (ECF No. 19.) However, on January 14, 2022, the Court issued an opinion in *Bowles* granting in part and denying in part the defendants' motions to dismiss and granting the plaintiffs' motion for class certification. *Bowles v. Sabree*, No. CV 20-12838, 2022 WL 141666 (E.D. Mich. Jan. 14, 2022). Accordingly, Plaintiff's motion to stay (ECF No. 17) is moot.

Finding the facts and legal issues sufficiently presented in the parties' briefs with respect to the motion to dismiss, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## I. Standard for Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action . . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

II.     **Factual and Procedural Background**

Plaintiff owned real property located at 42671 Preswick Court in Wayne County ("Property"). (Am. Compl. ¶ 4, ECF No. 10 at Pg ID 142.) On or around March 20, 2015, the County foreclosed upon the Property. (*Id*. ¶ 14, Pg ID 144.) On September 10, 2015, Plaintiff became aware that the Property was scheduled for sale at a pending tax auction. (*Id*. ¶ 15, Pg ID 144-45.) On September 11, 2015, Plaintiff sent his assistant to the Wayne County Treasurer's Office to pay the outstanding tax owed in an attempt to stop the tax auction sale. (*Id*. ¶ 18, Pg ID 145-46.) However, the Wayne Treasurer's Office refused to accept payment from Plaintiff. (*Id*. ¶ 19, Pg ID 146.)

In September 2015, the County sold the Property at a tax auction sale to a private buyer for $168,000.00.[1] (*Id*. ¶ 21, Pg ID 146.) "The sale price for the Preswick Court Property was far below the fair market value but above the [t]ax [d]elinquency." (*Id*. ¶ 22.) Defendants administered the foreclosure and auction process and retained the total sale proceeds in excess of Plaintiff's tax delinquency. (*Id*. ¶ 31, Pg ID 148.) Defendants have not afforded Plaintiff any process, plan, or

---

[1] Plaintiff alleges that the dates of the auction sale of the Property are November 11, 2014 and September 2015. (Am. Compl. ¶¶ 16, 21, ECF No. 10 at Pg ID 145, 146.) However, the November 11, 2014 date precedes the alleged dates of the judgment of foreclosure and Plaintiff's attempt to redeem the property before it was sold in the auction. Therefore, the Court presumes that the correct date of sale was in September 2015. (*See also Palakurthi v. Cty. of Wayne*, No. 342533, 2019 WL 573110, at *3 (Mich. Ct. App. Feb. 12, 2019) (explaining in Plaintiff's prior action that on September 11, 2015, the Property was up for sale in the tax auction.)

5

legal mechanism to seek or achieve a return of his equity in the property. (*Id.* ¶¶ 24, 27, Pg ID 147.) Defendants also refuse to pay just compensation for Plaintiff's equity in the Property. (*Id.* ¶ 26.)

## III. Analysis

### A. Defendants' Arguments and *Rafaeli*

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing the following:

> (1) the claims are barred by the doctrines of res judicata and collateral estoppel;
>
> (2) this Court lacks jurisdiction under the Tax Injunction Act and principles of comity because Plaintiff had an adequate remedy in state court;
>
> (3) under the Eleventh Amendment, Wayne County and Treasurer Sabree cannot be sued for acting in accordance with the Tax Act, and the claims against Sabree should also be dismissed because (a) he is entitled to qualified immunity for any individual capacity claims, and (b) the official capacity claims are duplicative of the claims raised against the County itself;
>
> (4) *Rafaeli* rejects claims that the retention of surplus proceeds violates the United States Constitution;
>
> (5) *Rafaeli* should be applied prospectively, only; and
>
> (6) the claims are barred by the applicable limitations period.

(ECF No. 14 at Pg ID 177 (naming *Rafaeli, LLC v. Oakland Cnty*, 952 N.W.2d 434 (Mich. 2020).)

On July 17, 2020, the Michigan Supreme Court issued a decision addressing the precise situation found here, where a tax foreclosure sale yields a price higher than the unpaid taxes that led to the foreclosure. *Rafaeli*, 952 N.W.2d 434 (Mich. 2020). In *Rafaeli,* former property owners who failed to pay their property taxes and lost their properties to tax foreclosure sued the county and county treasurer alleging several violations including an unconstitutional taking. *Id*. at 442. The Michigan Supreme Court agreed that a taking had occurred in violation of the Michigan Constitution. The Court concluded that the surplus proceeds must be returned to a former property owner and that the "failure to do so constitutes a government taking under the Michigan Constitution entitling [the] plaintiffs to just compensation." *Id*. 463. It is against this backdrop that Plaintiff's claims have plausibility.

This Court recently analyzed similar claims and *Rafaeli* in *Bowles*, as Plaintiff acknowledges in his motion to stay the case. (ECF No. 17 (noting "[t]his case is nearly identical to the class action case pending before this Court in *Bowles v Sabree* . . . .").) In deciding the defendants' motion to dismiss in *Bowles*, this Court held that: (i) the plaintiffs' claims were not barred by any threshold issues including, but not limited to, subject matter jurisdiction, sovereign immunity, and retroactive application of *Rafaeli*; (ii) County Treasurers are entitled to qualified immunity in their individual capacities and that claims against treasurers in their

7

official capacity may be duplicative; and (iii) the plaintiffs have successfully pled claims of a federal takings clause violation and state law inverse condemnation. *Bowles v. Sabree*, NO. 20-cv-12838, 2022 WL 141666, at *12 (E.D. Mich. Jan. 14, 2022). Further, the Court dismissed the plaintiffs' claims for violations of the Eighth Amendment and a Takings claim arising "directly" under the Fifth Amendment for failure to state a claim. *Id*. at *18. The Court also dismissed the plaintiffs' claim under the Michigan Constitution as duplicative. *Id*. Lastly, the Court addressed the plaintiffs' assertion that the property interest at issue was "lost equity" rather than the "surplus proceeds" interest described in *Rafaeli*. *Id*. at *10. The Court held "that [p]laintiffs have plead some viable legal theory although the appropriate property interest is only the surplus proceeds from the sale as held by *Rafaeli*." *Id*.

The Court acknowledges that the defendants in *Bowles* filed motions for reconsideration, which remain pending. *See* Mots., *Bowles*, No. 20-cv-12838 (E.D. Mich. filed Jan. 28, 2022), ECF Nos. 49, 50. Most of the arguments asserted in the motions are not relevant here, with the exception of *Rafaeli*'s retroactivity in light of the Michigan Court of Appeals' decision in *Proctor v. Saginaw County*, -- N.W.2d --, 2022 WL 67248 (Jan. 6, 2022). Nevertheless, at this time, the Court is not persuaded that *Proctor* alters its previous retroactivity analysis.

Therefore, the Court adopts and applies its analysis and holdings in *Bowles* to the present case. Doing so, the Court finds that Plaintiff's claims are not subject to dismissal on the threshold issues of subject matter jurisdiction, sovereign immunity, or retroactive application. Further, the Court dismisses the Plaintiff's claims for violations of the Eighth Amendment (Count V) and a takings claim arising "directly" under the Fifth Amendment (Count I) for failure to state a claim. The Court also dismisses Plaintiffs' claim under the Michigan Constitution (Count IV) as duplicative. Plaintiff's Fifth Amendment Takings Clause claim (Count II) and inverse condemnation claim (Count III) have merit.[2] Lastly, the Court dismisses Plaintiff's claims against Sabree in his individual capacity on qualified immunity grounds and in his official capacity as those claims are duplicative of Plaintiff's claims against the County. Defendants assert additional threshold arguments not addressed in *Bowles*, which the Court addresses below.

**B.     Res Judicata and Collateral Estoppel**

Defendants argue that Plaintiff's claims in this action are barred by his prior state court actions alleging that Sabree and the County violated the General Property Tax Act ("GPTA"). (ECF No. 14 at Pg ID 185.) According to

---

[2] Plaintiff's claims of deprivation of his Fourteenth Amendment Procedural Due Process rights (Count VI) and Equal Protection rights (Count VIII), as well as his claim of unjust enrichment (Count VII), are not alleged by the plaintiffs in *Bowles*. Defendants also do not argue for the dismissal of these specific claims on the merits. Accordingly, the Court will not address these claims.

Defendants, "Plaintiff's claims regarding the validity of tax foreclosure (and now, his right to any funds received) in the [p]rior [a]ctions are at issue *again* in this action . . . ." (*Id.* at Pg ID 186 (emphasis added).)  Plaintiff responds that "Defendants present insufficient evidence there was prior judgment deciding the constitutional merits of keeping the surplus proceeds or excess equity as to Plaintiff and his property . . . ."  (ECF No. 18 at Pg ID 327.)  Further, Plaintiff argues that the Michigan Supreme Court rejected a defendant's res judicata argument in *Dean v. Department of Natural Resources*, 247 N.W.2d 876 (Mich. 1976).  (*Id.* at Pg ID 328.)  In reply, Defendants cite *Hall v. Meisner*, No. 20-12230, 2021 WL 2042298 at *8 (E.D. Mich. May 21, 2021), holding that plaintiffs' claims were barred by res judicata where they had previously filed an action alleging "a 'scheme' to divest [] citizens of their homes and procure a profit through application of Michigan's tax-foreclosure process."  (ECF No. 20 at Pg ID)

The Sixth Circuit has "settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Harrison v. Montgomery Ctny., Ohio*, No. 20-4051, 2021 WL 1881382 (6th Cir. May 11, 2021) (citing the Full Faith and Credit Act 28 U.S.C. § 1738 and quoting *Migra*).  When deciding whether, and to what extent, to give preclusive effect to a prior state court

10

judgment, a federal court must look to the law of the rendering state. *Migra*, 465 U.S. at 81.

Res judicata or claim preclusion under Michigan law "bars a second, subsequent action when (1) the prior earlier action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007) (quoting *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004)). "Res judicata bars every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 680 N.W.2d at 397 (citing *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 222 (Mich. 2001)).

The Court reviewed the claims raised in Plaintiff's previous lawsuits and notes that they either dispute the validity of the foreclosure or allege lack of notice of the foreclosure in violation of procedural due process. *See Palakurthi v. Cnty. of Wayne*, No. 342533, 2019 WL 573110, at *3-4 (Mich. Ct. App. Feb. 12, 2019). The Court finds that these claims raised in the prior actions relate to the tax foreclosure itself and not the post-tax foreclosure sale and Defendants' obligation to return the surplus proceeds. *See Arkona, LLC v. Cty. of Cheboygan*, No. 19-CV-12372, 2021 WL 148006, at *5 (E.D. Mich. Jan. 15, 2021) (citing *Dean*, 247 N.W.2d at 880) (holding that "[p]laintiffs' claims are independent of the

11

underlying tax delinquency and therefore not barred by the prior foreclosure proceedings."); *see also Fox v. Cty. of Saginaw*, No. 19-CV-11887, 2021 WL 120855, at *10 (E.D. Mich. Jan. 13, 2021), *aff'd sub nom. Fox v. Saginaw Cty., Michigan by Bd. of Commissioners*, No. 21-1108, 2022 WL 523023 (6th Cir. Feb. 22, 2022) (citing *Dean*, 247 N.W.2d at 880) (holding that plaintiff's constitutional claims are independent from the underlying tax delinquency.); *but cf. Rose v. Oakland Cty. Treasurer*, No. 19-13066, 2021 WL 2562419, at *4–5 (E.D. Mich. Apr. 28, 2021) (distinguishing the case from *Arkona* and *Fox* and finding plaintiff claims barred by res judicata where plaintiff previously sought post-*Rafaeli* relief in a taking claims in state court.)*; Hall*, No. 20-12230, 2021 WL 2042298, at *8 (E.D. Mich. May 21, 2021) (noting that the plaintiffs' complaint in a prior action alleged unlawful conduct after the properties were foreclosed upon and sought the loss of equity in the property.)

The facts here are distinguishable from *Hall* and *Rose* because Plaintiff did not allege in the prior actions a post-foreclosure violation of his rights or request the return of the sale proceeds or equity in the Property. Further, the claims asserted by Plaintiff do not seek to invalidate a state court judgment. Indeed, Plaintiff sought damages in the previous lawsuits. However, his damages request arises from the foreclosure judgment. *See Palakurthi*, 2019 WL 573110, at *5 (noting that the GPTA permits a cause of action and monetary damages arising

from a judgment of property-tax foreclosure when property owners do not receive any notice of the tax foreclosure.) Accordingly, Plaintiff's claims in previous litigation allege violations in a *pre-foreclosure* context, so his present claims are not barred by res judicata.

For similar reasons, the Court finds that Defendants' collateral estoppel argument also fails. "Under Michigan law, 'collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated, and (2) necessarily determined.'" *Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 849 (6th Cir. 2006) (quoting *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990)). The collateral estoppel doctrine does not apply here as the issues raised in Plaintiff's Amended Complaint were not actually litigated nor necessarily determined by the state courts.

### C. Statute of Limitations

Defendants argue that Plaintiff's claims are barred by a two-year statute of limitations added to the General Property Tax Act post-*Rafaeli*. (ECF No. 14 at Pg ID 202 (citing Mich. Comp. Laws §§ 211.78t, 211.78*l*).) Therefore, relying on the date of the judgment of foreclosure, Defendants argue that the statute of limitations expired on March 20, 2017. (*Id.*) Plaintiff responds that the different claims have potentially different statute of limitations. (ECF No. 18 at 331-35.) Plaintiff

13

asserts that the inverse condemnation and unjust enrichment claims have a statute of limitations of six years, while a three-year-limitations period applies to his § 1983 claims. (*Id*. at 334-35.) Alternatively, Plaintiff argues that the statute of limitations is tolled because of pending class actions.

The statute of limitations for inverse condemnation and unjust enrichment claims is six years. *Hart v. City of Detroit*, 331 N.W.2d 438, 445 (Mich. 1982); *Est. of Tyner by Hickman v. O'Bey*, No. 351784, 2021 WL 2769820, at *5 (Mich. Ct. App. July 1, 2021) (holding "the normal six-year statute of limitations for breach of contract claims applies to unjust enrichment claims.")). The statute of limitations for claims brought pursuant to § 1983 is the State's statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citations omitted). For § 1983 actions arising in Michigan, the applicable limitations period is three years. *Wolfe*, 412 F.3d at 714 (citing Mich. Comp. Laws. § 600.5805(10); *see also Estate of Majors v. Gerlach*, 821 F. App'x 533, 537 (6th Cir. 2020)).

Plaintiff's § 1983 claims appear to be time barred as he filed his Complaint in 2021, and the claims arose more than three years earlier. However, Plaintiff relies on tolling based on the pendency of putative class actions where he would have been a member of the class. (ECF No. 18 at Pg ID 335-36; *see also id*. at Pg

14

ID 335 n. 10 (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983).)

The Supreme Court explained in *Crown*:

> We conclude, as did the Court in *American Pipe,* that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." [*Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974).] Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied.

*Crown*, 462 U.S. at 353-54 (1983). At least one district court in the Sixth Circuit has addressed a similar argument. *See Grainger, Jr. v. Cnty. of Ottawa*, No. 1:19-CV-501, 2021 WL 790771, at *8 (W.D. Mich. Mar. 2, 2021) (holding that the statute of limitations for a § 1983 Fifth Amendment takings claim was tolled by *Wayside Church v. Van Buren County*, Case No. 14-cv-1274 (W.D. Mich. 2014)).

The plaintiff in *Wayside Church* filed a putative class action complaint on December 11, 2014, seeking to certify the following class:

> owners of real property located within the State of Michigan whose real property was taken by Defendant, and Defendant class, for non-payment of real property taxes . . . and sold by Defendant, and Defendant class, to third parties for net proceeds in excess and substantially in excess of all delinquent taxes, interest, penalties and fees due on the property, . . . . ('surplus proceeds'), without offer, tender or return of the surplus to Plaintiffs and members of Plaintiffs class."

15

Compl. ¶ 4, *Wayside Church*, 14-cv-1274-PLM (W.D. Mich. filed December 11, 2014), ECF No. 1 at Pg ID 22; *see also id*. ¶ 61 (defining the class more specifically.))  The "Defendant class" was defined as:

> [a]ll counties in the State of Michigan which divested from real property owners ownership of real property for non-payment of real property taxes . . . was sold by [defendants] . . .at public auction to third parties for net proceeds in excess . . .[of] all delinquent taxes, interest, penalties and fees due on the property, together with the estimated pro-rata expenses of administering the sale ("surplus proceeds") and which Defendant counties did not . . . return said surplus proceeds to [plaintiffs]. . . .

*Id*. ¶ 69.  Thus, Wayne County was contemplated to be a member of the Defendant class and Plaintiff was a putative class member.

On February 16, 2021, the *Wayside* court dismissed half of the defendant class narrowing the claims to counties in the Western District.  *Wayside Church v. Van Buren Cty.*, No. 1:14-CV-1274, 2021 WL 1051543, at *2 (W.D. Mich. Feb. 16, 2021). Notably, before that decision, on October 22, 2020, *Bowles* was filed as a putative class action on behalf of similarly situated individuals in Wayne and Oakland Counties.  *Wayside* and *Bowles*, therefore, tolled the statutes of limitations applicable to Plaintiff's claims.  For this reason, Plaintiff's claims are not time barred.

**IV.    Conclusion**

16

For the reasons set forth above, the Court finds that Plaintiff's claims are not barred by the threshold issues of subject matter jurisdiction, sovereign immunity, retroactive application, res judicata, collateral estoppel, or timeliness. The Court also finds that Sabree is entitled to qualified immunity in his individual capacity and that claims against Sabree in his official capacity are dismissed as duplicative. Plaintiffs have successfully plead claims of a federal takings clause violation and state law inverse condemnation.

Accordingly,

**IT IS ORDERED** that Defendants Motion to Dismiss (ECF No. 14) is **GRANTED IN PART** and **DENIED IN PART** in that Plaintiff's claims against Sabree are **DISMISSED WITH PREJUDICE** and he is **DISMISSED AS A PARTY**, and Counts I, IV and V are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay (ECF No. 17) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: March 28, 2022