UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAGESH PALAKURTHI,

        Plaintiff,

                                        Civil Case No. 21-10707
v.                                     Honorable Linda V. Parker

WAYNE COUNTY[1]

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF NO. 26)

This action arises out of a property tax foreclosure of a home in Wayne County, Michigan. On March 30, 2021, Plaintiff Nagesh Palakurthi initiated this lawsuit against Defendants Wayne County and Wayne County Treasurer Eric Sabree. (ECF No. 1.) Plaintiff is a former real property owner who alleges that Defendants violated several of his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments of the United States and Michigan Constitutions and state law in connection with the tax foreclosure process. The matter is presently before the Court on Defendant's motion for reconsideration (ECF No. 26) of this Court's decision denying the motion to dismiss. (ECF No. 22.). Plaintiff has filed a

---

[1] In the Court's March 28, 2022 Order on Defendant's motion, Wayne County Treasure Eric Sabree was dismissed as a party to this lawsuit in both his individual and official capacities. Thus, the only remaining Defendant is Wayne County.

response to the motion. (ECF No. 29.) For the reasons that follow, the Court is denying the motion.

## Applicable Standard

Eastern District of Michigan Local Rule 7.1(h) governs motions for reconsideration. As currently written, the rule provides as follows with respect to non-final orders such as the decision on Defendant's motion to dismiss:

> (2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. L.R. 7.1(h)(2). "A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018).

Analysis

Defendant Wayne County identifies six reasons for reconsideration of the Court's motion to dismiss decision. First, Defendant asserts the following:

> (1) *Rafaeli* is silent as to retroactivity and silent as to any discussion of its implementation;
>
> (2) Plaintiff Palakurthi's claims are barred by *res judicata* and collateral estoppel;
>
> (3) even if *Rafaeli* applied retroactively, it does so at most on a limited basis, and Plaintiff Palakurthi's claims are untimely and barred by the applicable two-year statute of limitations;

(ECF No. 26 at Pg ID 472 (naming *Rafaeli, LLC v. Oakland Cnty*, 952 N.W.2d 434 (Mich. 2020).) The arguments proffered here were previously presented before the Court and addressed in the Court's March 28, 2022 decision. (ECF No. 22.) As stated above, motions for reconsideration are not a vehicle "to rehash rejected arguments[.]" *See Southfield Educ. Ass'n*, 319 F. Supp. 3d at 901. As such, the Court will not re-address these claims.

In the fourth claimed error in the Court's ruling, Defendant asserts that Count VIII regarding the alleged violation of the Fourteenth Amendment Equal Protection clause should be dismissed because "it is pled only against Treasurer Sabree and the claims against Treasurer Sabree have been dismissed with prejudice and he is no longer a party to this action[.]" (ECF No. 26 at Pg ID 472.) Defendant also notes that "[i]t appears the Court inadvertently omitted Count VIII

3

from its list of dismissed counts in the March 28, 2022 Order." However, the Court did not "inadvertently" omit Count VIII, as it was pled against all Defendants. Despite the typo stating, "(AGAINST ALL DEFENDANT SABRE)" under Count VIII, it is obvious based on a thorough reading of the Amended Complaint that Plaintiff intended to include all Defendants. For example, in paragraph 103, Plaintiff begins the sentence with the following: "*Defendants* have promulgated rules . . . ." (ECF No. 10 at Pg ID 159, ¶ 103 (emphasis added).) In the immediately following paragraph, Plaintiff begins the sentence with: "*Defendant Treasurer* has granted such relief on a case-by-case basis . . . ." (*Id.* ¶ 103 (emphasis added).) As Plaintiff notes in his response brief, and the Court agrees, Count VIII is alleged against all Defendants, and as such, will not be dismissed.

Next, Defendant asserts that all of Plaintiff's claims regarding lost equity should be dismissed because "[t]his Court, in *Bowles*, rejected plaintiffs' assertion that the property interest at issue was 'lost equity' rather than the 'surplus proceeds' interest described in *Rafaeli*." (ECF No. 26 at Pg ID 475 (referring to *Bowles, et al. v. Sabree, et al.,* No. 20-cv-12838 (E.D. Mich. 2020).) Defendant is correct that this Court previously rejected the argument of "lost equity" in lieu of using the *Rafaeli* standard of lost surplus proceeds. See *Bowles, et al. v. Sabree, et al.,* No. 20-cv-12838, ECF No. 47 (E.D. Mich.). However, this district also

4

determined that differences in property interests, surplus or market value, or in the present case, equity, are limited to damages and thus the real question when determining dismissal is whether a complaint "contain[s] either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Arkona, LLC v. Cnty. of Cheboygan*, No. 19-CV-12372, 2021 WL 148006, at *8 n.6 (E.D. Mich. Jan. 15, 2021). Here, Plaintiff does assert that he is owed the equity from the sale of his home but defines 'equity' as "the amount by which a property's value exceeds its tax delinquency." (Amend. Compl. ECF No. 10 at Pg ID 144, ¶ 12.) Thus, Plaintiff is in fact seeking surplus proceeds and the Court will not dismiss claims that rely on this definition. Again, this Court reiterates that arguments "raised for the first time in a motion for reconsideration at the district court generally [are] forfeited." *Southfield Educ. Ass'n v.*, 319 F. Supp. 3d at 902 (quoting *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331–32 (6th Cir. 2009)). In other words, even if Plaintiff did assert the incorrect standard for the relief sought, the Court would not remedy such error in a motion for reconsideration.

Finally, Defendant alleges that the Court did not conduct an "accurate reading" of the motion to dismiss when deciding not to address Counts VI, VII, and VIII because Defendant failed to argue for dismissal of the claims on the merits. In support of this assertion, Defendants direct the Court to Section V of the

5

motion—which cites to Defendant's inaccurate interpretation of the state court's holding in *Rafaeli*—and concludes that "[b]ecause *Rafaeli*'s interpretation of the Michigan statute rejected a federal constitutional violation, alleged violations of the U.S. Constitution and federal constitutional rights should be dismissed."[2] (ECF No. 8 at Pg ID 95.) To the extent that Defendant is making an argument on the merits, it merely pointed to *Rafaeli* but failed to flesh out its arguments, which is necessary for the Court to properly address them. *See L.A. Ins. Agency Franchising, LLC v. Montes*, No. CV 14-14432, 2016 WL 4467697, at *3 (E.D. Mich. Aug. 24, 2016) (concluding that "[o]nce . . . the details on the issues discussed [in the briefs] have been fleshed out, the Court will be in a better position to consider and rule on the merits of those issues."); *see also Francis v.*

---

[2] This Court does not reach the conclusion that the Michigan Supreme Court in *Rafaeli* "rejected" a federal constitutional violation. There, the court merely explained its' rationale for focusing the ruling exclusively under the Michigan Constitution by stating the following:

> [W]e are unmoved by caselaw from other states that have addressed the disposition of surplus proceeds. Some courts that have confronted the issue whether a cognizable takings claim can be made for the surplus proceeds have only addressed the issue in the context of the federal Takings Clause. Unlike those courts, however, our holding speaks to Michigan's Takings Clause, which this Court has, on occasion, interpreted as offering broader protection to property owners.

*Rafaeli, LLC*, 952 N.W.2d at 462.

*Saul*, 558 F. Supp. 3d 527, 537 (E.D. Mich. 2021) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.").

## Conclusion

For the reasons stated, the Court finds no mistake in its motion to dismiss decision that, when corrected, changes the outcome of that decision. *See* E.D. Mich. L.R. 7.1(h)(2).

Accordingly,

**IT IS ORDERED** that Defendant's motion for reconsideration (ECF No. 26) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 17, 2023