UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAGESH PALAKURTHI,

    Plaintiff,

v.

    Case No. 21-cv-10707
    Honorable Linda V. Parker

WAYNE COUNTY and
ERIC R. SABREE,

    Defendants.
_____/

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO PRECLUDE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, SEEKING AN EXTENSION OF TIME TO RESPOND; (2) DENYING PLAINTIFF'S MOTION FOR RULE 16 CONFERENCE; AND (3) REQUIRING PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION WITHIN FOURTEEN DAYS**

On March 30, 2021, Plaintiff filed this lawsuit against Defendants Wayne County and its Treasurer, Eric Sabree, asserting various claims arising from the foreclosure of Plaintiff's previously owned property. (ECF No. 1.) In response to Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court previously dismissed some of Plaintiff's claims and Sabree as a Defendant. (*See* ECF No. 22.) On February 15, 2023, Wayne County filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 34); however, the parties subsequently stipulated to have the

motion withdrawn while mediation was proceeding in a class-action lawsuit brought against the County by former owners of other foreclosed properties (ECF No. 38.)  After that mediation was unsuccessful, Wayne County renewed its Rule 12(c) motion.  (ECF No. 39.)  Rather than respond to the motion, Plaintiff has sought to strike it as an improper motion for reconsideration and has moved for a scheduling conference pursuant to Federal Rule of Civil Procedure 16.  (ECF Nos. 40, 41.)  If the Court declines to strike the County's motion, Plaintiff requests additional time to respond to it.

    The Court does not view Wayne County's motion as an improper motion for reconsideration.  Notably, Plaintiff did not seek to strike it on that basis when it was first filed but stipulated to it being refiled if the mediation failed.  Moreover, Sixth Circuit decisions since the Court decided Defendants' initial motion to dismiss warrant another review of Plaintiff's claims.

    Federal Rule of Civil Procedure 16(b)(2) requires a district judge to issue a scheduling order "as soon as practicable" and usually within 90 days after service of the complaint or 60 days after any defendant appeared "unless the judge finds good cause for the delay[.]"  However, this Court's Practice Guidelines indicate that scheduling conferences are held and scheduling orders issued generally only after any Rule 12 motions are decided.  Where a dispositive motion seeks to

dispose of all pending claims, there is "good cause" to delay the conference and order.

For these reasons, the Court is denying Plaintiff's motion to strike Defendants' Rule 12(c) motion and Plaintiff's request for a Rule 16 scheduling order.  Plaintiff shall file a response to Defendants' motion within fourteen (14) days of this decision.

**SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 24, 2025