UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAGESH PALAKURTHI,

    Plaintiff,

v.

    Case No. 21-cv-10707
    Honorable Linda V. Parker

WAYNE COUNTY, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WAYNE COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 39)

On March 30, 2021, Plaintiff filed this lawsuit against Defendants Wayne County ("County") and its Treasurer, Eric Sabree, asserting various claims arising from the retention of "surplus proceeds" from the tax auction sale of Plaintiff's foreclosed property—i.e., the proceeds of the sale minus the tax debt plus interest, penalties, and fees. (ECF No. 1.) Defendants previously filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 14), which this Court granted in part and denied in part (ECF No. 22).

In that decision, the Court dismissed Plaintiff's claims against Sabree in his individual and official capacities and Plaintiff's claims alleging violations of the Fifth Amendment, exclusively (Count I), the Michigan Constitution (Count IV), and the Eighth Amendment (Count V). (*Id.*) This left pending the following

claims against the County in Plaintiff's First Amended Complaint: (II) a taking in violation of the Fifth and Fourteenth Amendments under 42 U.S.C. 1983; (III) inverse condemnation; (VI) a Fourteenth Amendment procedural due process violation under § 1983; (VII) unjust enrichment; and (VIII) a Fourteenth Amendment equal protection violation under § 1983.  Defendants then filed a motion for reconsideration (ECF No. 26), which the Court denied (ECF No. 30).

The matter is now before the Court on the County's motion for judgment on the pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c).  (ECF No. 39.)  Plaintiff has responded to the motion.  (ECF No. 48.)  For the reasons that follow, the Court is denying the County's motion as to all claims except for Plaintiff's equal protection claim.

**I.     Standard of Review**

A Rule 12(c) motion is subject to the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)).  A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

## II. Factual Background

Plaintiff owned real property in the County, located at 42671 Preswick Court ("Property"). (ECF No. 10 at PageID. 142 ¶ 4.) On or around March 20, 2015, the County foreclosed upon the Property due to unpaid property taxes. (*Id.* at PageID. 144 ¶ 14.)

On September 10, 2015, Plaintiff learned that the Property was scheduled for sale at a pending tax auction. (*Id*. at PageID. 144-45 ¶ 15.) The next day, he sent his assistant to the County Treasurer's Office to pay the outstanding tax owed, in an attempt to stop the tax auction sale. (*Id*. at PageID. 145-46 ¶ 18.) However, the Wayne Treasurer's Office refused to accept the payment. (*Id*. at PageID. 146 ¶ 19.)

3

In September 2015, a private bidder purchased the Property at the sale for $168,000.00. (*Id.* PageID. 146 ¶ 21.) This price "was far below the fair market value but above the [t]ax [d]elinquency." (*Id*. ¶ 22.) Defendants administered the foreclosure and auction process and retained the total sale proceeds exceeding Plaintiff's tax delinquency. (*Id*. at PageID. 148 ¶ 31.) Plaintiff claims he was not afforded any process, plan, or legal mechanism to seek or achieve a return of the surplus proceeds. (*Id.* at PageID. 147 ¶¶ 24, 27.)

### III. Applicable Law & Analysis

In support of its current motion, the County reasserts several arguments it raised in its previous motion to dismiss. The Court will not restate the law relevant to the County's arguments, except where necessary.

#### A. Res Judicata

The County argues, again, that Plaintiff's remaining claims are barred by res judicata because they could have been raised in Plaintiff's previous state court lawsuits challenging the foreclosure of the Property. While this Court previously rejected the County's res judicata argument, the County maintains that the Sixth Circuit's decision in *Hall v. Meisner*, Nos. 21-1700, 21-2956, 2022 WL 7478163 (Oct. 13, 2022), mandates a different holding.

But in their motion to dismiss, Defendants relied on the district court's res judicata holding in *Hall* to argue that Plaintiff's claims should be dismissed. (*See*

4

ECF No. 14 at PageID. 186 (citing *Hall v. Meisner*, 2021 U.S. Dist. LEXIS 96753, at *21-31 (E.D. Mich. 2021).) The Sixth Circuit merely upheld the district court's decision. *Hall*, 2022 WL 7478163. In other words, the County is relying on the same holding, based on the same reasoning, in the same case, albeit by the lower and appellate courts. Thus, as to almost all of Plaintiff's claims, this Court rejects the County's res judicata argument for the reasons articulated when the argument was based on the district court's decision, and for the reasons explained again in the following paragraphs. (ECF No. 22 at PageID. 453-55.)

The plaintiffs' property in *Hall* was not sold at auction. 2022 WL 7478163, at *1. Instead, it was transferred for the amount of the tax debt—the "minimum bid" allowed at the time under Michigan's General Property Tax Act. *Id*. The Sixth Circuit affirmed the district court's holding that res judicata barred the plaintiffs' claims arising from this taking because they had already sued in state court about the transactions depriving them of their equity in their property. *Id*. The County's taking of "absolute title to [the] plaintiff's homes . . . was the action that caused the injury giving rise to th[e] suit; what happened afterward had no effect upon their legal rights." *Id*.; *see also Rose v. Oakland Cnty., Mich. Treasurer*, No. 21-2626, 2023 WL 2823972, at *6 (6th Cir. Apr. 7, 2023) (same).

Here, in comparison, Plaintiff's claims, with the exception of his equal protection claim, arise not from the foreclosure proceedings, but from the

5

subsequent retention of the surplus proceeds from the tax auction sale. The prior state court litigation focused on the foreclosure process, not the surplus proceeds. Plaintiff's equal protection claim, however, does arise from the County's alleged refusal to accept his tax payment to avoid the foreclosure and sale of the Property. The Court, therefore, now holds that this claim is barred by res judicata. The remaining claims, however, are not. *See Arkona, LLC v. Cnty. of Cheboygan*, No. 19-cv-12372, 2021 WL 148006, at *5 (E.D. Mich. Jan. 15, 2021) (citing *Dean v. Dep't of Nat. Res.*, 247 N.W.2d 876, 880 (Mich. 1976) (holding that the "[p]laintiffs' claims are independent of the underlying tax delinquency and therefore not barred by the prior foreclosure proceedings."); *see also Fox v. Cnty. of Saginaw*, No. 19-cv-11887, 2021 WL 120855, at *10 (E.D. Mich. Jan. 13, 2021), aff'd sub nom. *Fox v. Saginaw Cnty., Mich. by Bd. of Commissioners*, No. 21-1108, 2022 WL 523023 (6th Cir. Feb. 22, 2022) (citing *Dean*, 247 N.W.2d at 880) (holding that the plaintiff's constitutional claims are independent from the underlying tax delinquency).

### B. Statute of Limitations

The County also argues that the Sixth Circuit's decision in *Hall* mandates a different holding with respect to its statute of limitations argument. But again, the injury in *Hall*—and thus the start of when the limitations periods began to accrue—was the county's taking of absolute title to the plaintiffs' property.

Here, the injury alleged is distinct. The limitation periods began to run when the County retained the surplus proceeds. But even if those periods normally would have expired before this lawsuit was filed, they were tolled, as this Court previously held, by the putative class action complaints in *Wayside Church v. Van Buren Cnty.*, No. 1:14-cv-1274 (W.D. Mich. filed Dec. 11, 2014) and *Bowles v. Sabree*, No. 20-cv-12838 (E.D. Mich. filed Oct. 22, 2020). (*See* ECF No. 22 at PageID. 457-58.)

### C. Merits of Plaintiff's Inverse Condemnation, Unjust Enrichment, & Procedural Due Process Claims

The County relies on another decision by the Sixth Circuit in *Hall* to argue that Plaintiff's inverse condemnation, unjust enrichment, and procedural due process claims must be dismissed. *See Hall*, 51 F.4th 185 (2022). The Sixth Circuit's dismissal of those claims in *Hall* was based on its reasoning that the plaintiffs' lost all right and title to their properties when the county's foreclosure judgment became final. *See id*. at 196 ("The dismissal of the plaintiffs' inverse-condemnation claim . . . was proper because the County has already taken title to their properties").

Again, here, Plaintiff's inverse condemnation and unjust enrichment claims are based on his right to the surplus proceeds from the tax auction sale. His procedural due process claim is premised on the lack of notice and a hearing before being deprived of the surplus proceeds, not the foreclosure process itself. United

7

States Supreme Court, Michigan Supreme Court, and Sixth Circuit precedent establish that the foreclosure judgment did not cut off Plaintiff's right to the surplus proceeds.  *See Bowles v. Sabree*, 121 F.4th 539, 545 (6th Cir. 2024) ("For years, Wayne County has held onto money that it owes private citizens.  It foreclosed on and sold people's property to satisfy their tax debts but kept the difference for itself.  This Court, the Michigan Supreme Court, and the United States Supreme Court all agree that this kind of scheme is an unconstitutional taking."); *Rafaeli, LLC v. Oakland Cnty.*, 952 N.W.2d 434, 463 (Mich. 2020).  Thus, *Hall*, again, does not mandate the dismissal of these claims.

## IV.  Conclusion

For the reasons set forth above, the Court rejects almost all of the County's renewed arguments for dismissal of Plaintiff's remaining claims.  The Court, however, now finds his equal protection claim barred by res judicata.

Accordingly,

**IT IS ORDERED** that the County's Rule 12(c) motion (ECF No. 39) is **GRANTED IN PART AND DENIED IN PART**, in that only Count VIII is **DISMISSED WITH PREJUDICE**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: March 25, 2025