UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAGESH PALAKURTHI,

    Plaintiff,

v.

                                                        Case No. 21-cv-10707
                                                        Honorable Linda V. Parker

WAYNE COUNTY, *et al.*,

    Defendants.
_____/

## AMENDED OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WAYNE COUNTY'S MOTION FOR RECONSIDERATION

On March 30, 2021, Plaintiff Nagesh Palakurthi filed this lawsuit against Defendants Wayne County and its Treasurer, Eric Sabree, asserting various claims arising from the retention of "surplus proceeds" from the tax auction sale of Palakurthi's foreclosed property—i.e., the proceeds of the sale minus the tax debt plus interest, penalties, and fees. (ECF No. 1.) After Defendants first moved to dismiss Palakurthi's claims, Sabree was terminated as a defendant and the following claims remained pending against the County: (II) a taking in violation of the Fifth and Fourteenth Amendments under 42 U.S.C. 1983; (III) inverse condemnation; (VI) a Fourteenth Amendment procedural due process violation under § 1983; (VII) unjust enrichment; and (VIII) a Fourteenth Amendment equal protection violation under § 1983. (*See* ECF No. 22.)

The County thereafter filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (ECF No. 39.)  On March 25, 2025, the Court granted the motion as to Palakurthi's equal protection claim but denied the motion as to his remaining claims.  (ECF No. 49.)  The matter is now before the Court on the County's motion for reconsideration (ECF No. 51), to which Palakurthi has responded with permission (ECF No. 56.)  The County also filed a notice with supplement authority.  (ECF No. 57.)

### Standard of Review

Pursuant to Eastern District of Michigan Local Rule 7.1(h), motions for reconsideration of non-final orders may be granted on only three grounds: (1) a mistake of the court "based on the record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision."  *Id.*  As a general rule, "[m]otions for reconsideration of non-final orders are disfavored[.]"  *Id.*

## Applicable Law and Analysis

### Res Judicata

The County argues that *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022), and *Rose v. Oakland County*, 21-2626, 2023 WL 2823972 (6th Cir. Apr. 7, 2023), instruct that res judicata bars Palakurthi's claims. According to the County, like the plaintiffs in those cases, Palakurthi lost his equitable title to the property the moment absolute title vested in the County, even though, unlike *Hall* and *Rose*, his foreclosed property was sold at auction and not pursuant to the "right of first refusal" provision in Michigan's General Property Tax Act ("GPTA").

The County's argument, however, ignores the Michigan Supreme Court's holding in *Rafaeli, LLC v. Oakland County*, 952 N.W.2d 434 (2020), that, where property is sold at a public auction, the former property owner has a right to any "surplus proceeds." *Id*. at 462. Pursuant to *Rafaeli* and subsequent Sixth Circuit authority, Palakurthi's right to any surplus proceeds is independent from his interest in the foreclosed property.[1] *See Bowles v. Sabree*, 121 F.4th 539, 549-50 (6th Cir. 2024) (citing *Rafaeli*, 952 N.W.2d at 461). "It 'is a separate property

---

[1] In *Rose*, the Sixth Circuit acknowledged this distinction when finding that the district court's *Rooker-Feldman* ruling went "too far" in finding the plaintiff's claim for just compensation barred. 2023 WL 2823972, at *8. As the court explained: "While the request for the court to 'strike down the foreclosure' is a direct attack on the state court foreclosure judgment, Rose's claim for just compensation is independent and therefore not barred by Rooker-Feldman." *Id*.

3

right that survives the foreclosure process.'" *Id.* (quoting *Rafaeli*, 952 N.W.2d at 461).

Thus, the County fails to demonstrate error in the Court's conclusion that res judicata does not bar Palakurthi's claims concerning the surplus proceeds because he did not raise those claims in the lawsuits he filed challenging the foreclosure judgment.

**Statute of Limitations**

<u>When Palakurthi's Claims Accrued</u>

Relying on *Lyndon's LLC v. City of Detroit*, No. 23-1895, 2024 WL 3427176 (6th Cir. July 16, 2024), the County argues that this Court erred in not applying *Hall*, to determine when Palakurthi's claims accrued. As this Court explained, *Hall* is inapplicable because the property in that case was not sold at auction but sold pursuant to the "right of first refusal" provision in the GPTA, Mich. Comp. Laws § 211.78m. (ECF No. 49 at PageID.1036-37.) Contrary to the County's reading of *Lyndon*, it did not extend *Hall* to tax auction sale cases. The plaintiff in *Lyndon* obtained its property at a foreclosure auction; however, when it failed to pay taxes on the property, the county obtained a foreclosure judgment against the property and then "transferred title of the [property] to Detroit for $0 pursuant to Michigan law." *See Lyndon's LLC*, 2024 WL 3427176, at *1 (citing Mich. Comp. Laws § 211.78m).

4

Nevertheless, because Palakurthi did not file this lawsuit until March 31, 2021, it is immaterial for purposes of the applicable three-year limitations period whether his claims accrued when the foreclosure judgment became final on March 31, 2015, or when the property was sold at auction in September 2015.[2] Under either scenario, absent tolling, the limitations period would have expired well before this lawsuit was filed.

### Tolling

Palakurthi maintains that his claims were tolled by *Bowles v. Sabree*, No. 20-cv-12838 (E.D. Mich. filed October 22, 2020), and *Wayside Church v. Van Buren County*, No. 14-cv-1274 (W.D. Mich. filed Dec. 11, 2014). As the County correctly points out, the limitations period for Palakurthi's § 1983 claims expired before *Bowles* was filed in October 2020. Thus, *Bowles* could not have tolled his claims. *See Santana v. Cnty. of Wayne*, No. 22-cv-12376, 2023 WL 5655511, at *4 (E.D. Mich. Aug. 31, 2023) (concluding that *Bowles* did not toll the plaintiff's

---

[2] Palakurthi suggests that the statute of limitations may be six, not three, years for a "§ 1983 inverse condemnation claim." (ECF No. 56 at PageID. 1094.) His pleading indicates, however, that this claim is brought under state law. (*See* ECF No. 10 at PageID.152.) In any event, the statute of limitations for § 1983 claims is the limitations period for personal injury actions in the State where the action is filed. *See Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 430 (6th Cir. 2016) (citing *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986)). In Michigan, that is three years. *Id*.

claims as the class action was filed almost two years before the statute of limitations for her claims expired).

There is another reason why *Bowles* did not toll Palakurthi's claims, which the County has not raised. Palakurthi filed this lawsuit on March 30, 2021, after *Bowles* was filed but before a class certification ruling in the case. This Court first ruled on the *Bowles* plaintiffs' motion for class certification on January 14, 2022. *See* Op. & Order, *Bowles*, No. 20-cv-12838 (E.D. Mich. Jan. 14, 2022), ECF No. 47. The Sixth Circuit has held that plaintiffs who file independent actions before a decision on class certification in the initial class action forfeit *American Pipe* tolling. *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 791 (2016) (citing *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 568 (6th Cir. 2005)). Although expressing doubts about the holding in *Wyser-Pratte*, and recognizing that it represents the minority rule, the Sixth Circuit indicated in *Stein* that it remains controlling. *Id.* at 789.

For these reasons, the County is correct that *Bowles* did not toll the limitations period for Palakurthi's § 1983 claims. Nevertheless, the Court rejects the County's claim of error with respect to whether *Wayside Church* tolled those claims.

The County bases its claim of error on two district court decisions holding that *Wayside Church* did not toll the plaintiff's claims: *Flummerfelt v. City of*

6

*Taylor*, No. 22-cv-10067, 2024 WL 3520808, at *1 n.2 (E.D. Mich. July 24, 2024), and *Santana*, 2023 WL 5655511, at *4.  In concluding that *Wayside Church* did not toll the plaintiff's claims in *Santana*, the court relied on Sixth Circuit case law holding that "class action tolling does not apply to a defendant not named in the complaint."  *Santana*, 2023 WL 5655511, at *4 (quoting *Guy v. Lexington-Fayette Urban Cnty. Gov't*, 488 F. App'x 9, 21 (6th Cir. 2012) (citing *Wyser-Pratte Mgmt. Co.*, 414 F.3d at 567-68 (6th Cir. 2001)) (alterations omitted).  The *Flummerfelt* court reasoned that "Wayne County was not included within the scope of the [*Wayside Church*] class, nor was Wayne County ever named in the suit."  2024 WL 3520808, at *1 n.2.  However, Wayne County was identified as a putative member of the defendant class, even if not expressly named as a defendant.

All Michigan counties were, in fact, identified as putative members of the defendant class in *Wayside Church*.  *See* Compl., No. 14-cv-1274 (W.D. Mich. Dec. 11, 2014), ECF No. 1 at PageID.22.  They remained putative defendants until the plaintiffs sought to dismiss half of the proposed defendant class and narrow the class to the counties in the Western District of Michigan.[3]  *See* Mot., *id.* (W.D. Mich. Dec. 24, 2020), ECF No. 115 at PageID.1450.  The Sixth Circuit has not addressed whether *American Pipe* tolling applies to putative members of a

---

[3] Significantly, for forfeiture purposes, *see supra*, Palakurthi filed the present action only after the plaintiffs in *Wayside Church* sought to narrow the defendant class to counties located in the Western District.

7

defendant class, although other courts have concluded that it does if the defendant is ultimately named as a defendant or received actual notice of the pendency of the class action and its potential involvement. *See, e.g., Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 609-10 (7th Cir. 1980); *Santana*, 2023 WL 5655511, at *5; *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2010 WL 1663993, at *2-3 (E.D. La. Apr. 21, 2010); *Jenson v. Allison-Williams Co.*, No. 98-cv-2229, 1999 WL 35133748, at *5 (S.D. Calif. Aug. 23, 1999) (citing *In re Activision Sec. Litig.*, No. C-83-4639(A), 1986 WL 15339, at *3 (N.D. Cal. Oct. 20, 1986)); *Meadows v. Pac. Inland Sec. Corp.*, 36 F. Supp. 2d 1240, 1249 (S.D. Cal. 1999); *White v. Sims*, 470 So.2d 1191, 1193-94 (Ala. 1985); *see also* 1 H. Newberg, Class Actions § 4.52 at 388-89 (2d ed. 1985); 7A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1800 (1985 Supp.); *but see Chevalier v. Baird Sav. Ass'n*, 72 F.R.D. 140, 155 (E.D. Pa. 1976) (holding that *American Pipe* does not suspend the statute of limitations as to unnamed members of a defendant putative class).

In *Appleton Electric*, the Seventh Circuit held that *American Pipe* tolling applies "to all putative members of [a] defendant class" and "[w]here . . . the class is ultimately certified, . . . the statute is tolled as to any particular defendant until such time as he is notified of the suit and chooses to opt out." 635 F.2d at 610. The court reached this holding after considering the conflict between "the

8

operation of the statute of limitations and [Federal Rule of Civil Procedure 23[,]" and concluding "that due process is not offended by the tolling doctrine, even where a defendant has no notice of a suit until after the limitations period has run." *Id.* at 609 (citing *Am. Pipe*, 414 U.S. at 556-59). The court reasoned "that 'effectuation of the purpose of litigative efficiency and economy' (which Rule 23 was designed to perform) transcends the policies of response and certainty behind the statute of limitations . . . ." *Id.* (citing *Am. Pipe*, 414 U.S. at 556). The Seventh Circuit further reasoned:

> A contrary rule would sound the death knell for suits brought against a defendant class, nullifying that part of Rule 23 that specifically authorizes such suits. This, in turn, would have a potentially devastating effect on the federal courts. Plaintiffs would, in each case, be required to file protective suits, pending class certification, to stop the running of the statute of limitations.

*Id.* 610.

In *Santana*, the district court held that *Wayside Church* did not toll the plaintiff's § 1983 takings claim against Wayne County and its treasurer because the court "[could] not say that [the defendants]—despite being members of a putative class of defendants in a different suit—were on notice of the substantive claims brought against them." *Santana*, 2023 WL 5655511, at *5. The court relied on the defendants' assertion in the reply brief supporting their motion to dismiss "that they were never named defendants in *Wayside*, never entered an appearance in *Wayside*, and never participated as a party in *Wayside*." *Id.*

9

Conspicuously absent from the defendants' representation is that they lacked *notice* of *Wayside*. Wayne County has not made that representation here, either.

It is premature on a motion to dismiss and without allowing Palakurthi to seek discovery on the issue to conclude that Wayne County had no notice of its inclusion as a putative member of the *Wayside Church* defendant class. Moreover, Palakurthi indicates that notifications in fact were sent to the putative members of the defendant class. (*See* ECF No. 56 at PageID.1098 n.4.) In support, he offers an affidavit from Owen Ramney, one of the attorneys who represented the plaintiffs in that action, indicating that letters like the one attached to his affidavit were sent to seventy-nine county treasurers in the State of Michigan on January 6, 2015. (ECF No. 56-2 at PageID.1110 ¶ 2.) In the letter, Ramney informed the treasurers that their "county may be a putative member of the Defendant Class in the class action lawsuit" and that "[t]he purpose of this communication is to put you on notice as to the filing of this case and your potential of being a member of the Defendant Class." (*Id*. at PageID.1111.) The Civil Cover Sheet for *Wayside Church* was attached to the letter. (*Id*. at PageID.1112.)

Therefore, it appears that Wayne County did have notice of its inclusion in the putative defendant class in *Wayside Church*.[4] As such, *American Pipe* tolling

---

[4] Palakurthi indicates that he expects to uncover during discovery the actual letter sent to Wayne County and, presumably, any other evidence of its notice of

10

seems to be warranted.  The Sixth Circuit's decision in *Wyser-Pratte* does not lead to a different conclusion because, as the district court made clear in that case when distinguishing cases applying *American Pipe* class-action tolling to lawsuits against putative members of a defendant class:

> The *Appleton* decision is distinguishable in a very critical respect.  In that case, the plaintiff commenced suit against a *defendant class*.  In those circumstances, the Seventh Circuit concluded that class action tolling would apply to an unnamed defendant up until such time as the defendant is notified of the suit and chooses to opt out. . . . Wyser-Pratte also points to the Alabama Supreme Court's decision in *White v. Sims*, 470 So.2d 1191,1193-94 (Ala.1985) for support.  Like *Appleton*, *White* also deals with the applicability of class action tolling against defendant classes.  *This is not a defendant class action*, and the Court does not find the reasoning in *Appleton* or *White* compels a different result here.

2003 WL 25861087, at *8 (emphasis added).

For these reasons, although the Court finds that it erred in previously holding that *Bowles* saved Palakurthi's § 1983 claims, it rejects Wayne County's claim of error with regard to whether the claims were tolled by *Wayside Church*, at least at this stage of the proceedings.

---

*Wayside Church*.  Of course the Court's present conclusion is through the lens of a motion to dismiss.  Once discovery is complete, the issue can be re-raised if Wayne County chooses to pursue its statute of limitations defense further.

## Whether the GPTA Provides Palakurthi
## the Exclusive Mechanism for Seeking Relief [5]

Relying on *Hathon v. Michigan*, 17 N.W.3d 686 (Mich. 2025) (mem.), and *Howard v. Macomb County*, 133 F.4th 566 (6th Cir. 2025), the County argues "that the *only* viable avenue for [Palakurthi] to claim surplus proceeds is to follow the process of [Michigan Compiled Laws] § 211.78t." (ECF No. 51 at PageID.1064.) The Court rejects the County's argument for two reasons with respect to Palakurthi's § 1983 claims. First, *Howard* is distinguishable. Second, barring a plaintiff from pursuing § 1983 claims before complying with the State's claim mechanism contravenes Supreme Court and Sixth Circuit precedent.[6] *See Knick v. Twp. of Scott*, 588 U.S. 180, 191 (2019); *Bowles*, 121 F.4th at 555 (citing *Knick*, 588 U.S. at 185).

---

[5] Generally, a motion for reconsideration is not a proper vehicle for introducing arguments for the first time which could have been heard during the pendency of the previous motion. *See, e.g., Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007); *DiPonio Constr. Co. v. Int'l Union of Bricklayers & Allied Craftworkers*, 739 F. Supp. 2d 986, 1004 (E.D. Mich. 2010) (citation omitted). The County did not argue in its Rule 12(c) motion that the GPTA's mandatory mechanism for seeking compensation bars Palakurthi's claims (*see* ECF No. 39), even though the Michigan Supreme Court issued its decision in *Shafer* before the motion was filed, *see* 2024 WL 3573500. Nevertheless, the Court considers the argument here because Palakurthi has been afforded the opportunity to respond to it and addressing it now is more efficient than doing so later.

[6] In fact, the plaintiff in *Howard* recently petitioned for en banc hearing, arguing that the panel's decision contravenes *Knick*, *Hall*, and other Sixth Circuit precedent. *See* Pet., *Howard*, No. 24-1665 (6th Cir. Apr. 25, 2025), ECF No. 54.

In *Howard*, the Sixth Circuit held that the plaintiff's claims arising from a foreclosure *after* the Michigan legislature amended the GPTA to establish a process to recover any surplus proceeds were barred because she "did not take advantage of that process." 133 F.4th at 568, 570-73. The court reasoned that "Michigan's procedures for collecting the surplus do not compensate the property owner for a taking. They *prevent* a taking from happening in the first place." *Id.* at 572. Palakurthi's property, in comparison, was foreclosed before the amendment took effect on January 1, 2021, when there were no procedures in place to claim any surplus proceeds. *See Hall*, 51 F.4th at 188 (citing *Rafaeli*, 952 N.W.2d at 446) (noting that the GPTA did not "provide for any disbursement of the surplus proceeds to the former property owner, nor does it provide former owners a right to make a claim for these surplus proceeds").

In that instance—where a foreclosure sale generates surplus proceeds, and the State offers no mechanism for the former owner to claim those proceeds—the Supreme Court and Sixth Circuit have held that a taking occurs. *See Tyler v. Hennepin Cnty.*, 598 U.S. 631 639 (2023); *Hall*, 51 F.4th at 188. The Supreme Court and Sixth Circuit have further held that the violation of an owner's Fifth Amendment rights "allows the owner to proceed directly to federal court under § 1983" even where "the State has provided a property owner with a procedure that may subsequently result in just compensation." *Knick*, 588 U.S. at 191; *see also*

13

*id*. at 192 (citing *First Eng. Evangelical Lutheran Church of Glendale v. Cnty. of Los Angeles*, 482 U.S. 304, 315 (1987)) (emphasis added) ("a property owner has a constitutional claim for just compensation *at the time of the taking*"); *Bowles*, 121 F.4th at 555 (citing *Knick*, 588 U.S. at 185) (rejecting Wayne County's argument that the GPTA's "exclusive mechanism" for a claimant to seek compensation precludes any federal lawsuit and restating that "a plaintiff with a federal constitutional claim under § 1983 can always go straight to federal court"). In *Bowles*, Wayne County argued that the GPTA's statutory process "preempts a federal suit[,]" to which the Sixth Circuit responded: "It does not and cannot." 121 F.4th at 555 (citing *Knick*, 588 U.S. at 185). The *Howard* court confirmed this: "By making these procedures 'exclusive' the Michigan Legislature meant only to restrict owners' *state* remedies for seeking any surplus." F.4th at 527 (citing *Schafer*, 2024 WL 3573500, at *19).

For these reasons, the Court holds that the GPTA's mechanism for obtaining surplus proceeds does not bar Palakurthi's § 1983 claims based on the wrongful taking of those proceeds. According to the plain language of the statute, however, § 211.78t "is the exclusive mechanism for a claimant to claim and receive any applicable remaining proceeds *under the laws of th[e] state*." Mich. Comp. Laws § 211.78t(11) (emphasis added). In *Schafer v. Kent County*, the Michigan Supreme Court held that this provision applies retroactively and is the exclusive

14

means under state law for seeking surplus proceeds. *Id.* – N.W.3d --, 2024 WL 3573500, at *18-19 (2025). Therefore, this Court concludes that Palakurthi's state-law inverse condemnation claim must be dismissed. *See In re Muskegon Cnty. Tr. for Foreclosure*, -- N.W.2d --, 2023 WL 7093961 (Mich. Ct. App. Oct. 262, 2023), *leave to appeal den.* 11 N.W.2d 474 (Mich. 2024) (mem); *see also Hathon v. Michigan*, 17 N.W.3d 686, 686 n.1 (Mich. 2025) (explaining that "properly notified claimants must first utilize the statutory process provided by [Michigan Compiled Laws] § 211.78t for recovery of remaining post-foreclosure sale proceeds before challenging the adequacy of or the application of that process as applied to them").

## Conclusion

In summary, even if the Court erred in determining when Palakurthi's claims accrued—which it is not convinced that it did—and erred in finding the claims tolled by *Bowles*, this does not alter the outcome with respect to the County's statute of limitations argument. This is because *Wayside Church* appears to have tolled the claims. Res judicata does not bar Palakurthi's claims arising from the taking of any surplus proceeds, as his right to those proceeds is independent from the underlying foreclosure judgment. Finally, Supreme Court and Sixth Circuit precedent establish that a plaintiff may proceed directly to federal court to raise a § 1983 claim arising from an unlawful taking without first exhausting state

remedies.  Palakurthi's state-law inverse condemnation claim, however, must be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that the County's motion for reconsideration (ECF No. 51) is **GRANTED IN PART AND DENIED IN PART** in that Palakurthi's state-law inverse condemnation claim, only, is **DISMISSED WITHOUT PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 5, 2025