UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAGESH PALAKURTHI,

    Plaintiff,

v.

    Case No. 21-cv-10707
    Honorable Linda V. Parker

WAYNE COUNTY, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 69); (2) DENYING PLAINTIFF'S MOTION TO EXPEDITE A RULING (ECF NO. 71); AND (3) ORDERING COUNSEL TO MEET AND CONFER REGARDING PENDING DISCOVERY MOTIONS**

On March 30, 2021, Plaintiff Nagesh Palakurthi filed this lawsuit against Defendants Wayne County ("County") and its Treasurer, Eric Sabree, asserting various claims arising from the retention of "surplus proceeds" from the tax auction sale of certain foreclosed property—i.e., the proceeds of the sale minus the tax debt plus interest, penalties, and fees. (ECF No. 1.) Sabree has been terminated from this action and some of Palakurthi's claims have been dismissed, leaving the following claims pending against the County: (II) a taking in violation of the Fifth and Fourteenth Amendments under 42 U.S.C. 1983; (VI) a Fourteenth Amendment procedural due process violation under § 1983; and (VII) unjust enrichment. The matter is presently before the Court on Palakurthi's motion for

summary judgment as to Counts II and VI, filed pursuant to Federal Rule of Civil Procedure 56. (ECF No. 69.) Palakurthi also has filed a motion to expedite a ruling on his motion. (ECF No. 71.)

In response to Palakurthi's summary judgment motion, the County argues that the motion is premature, pointing out that discovery had just begun when the motion was filed. (ECF No. 80.) The County maintains that it needs discovery to address Palakurthi's claims and, in particular, to assess whether he even has Article III standing. In accordance with Rule 56(d), the County submits a declaration from its counsel, explaining why it lacks essential facts to justify its opposition to Palakurthi's claims. (*See* ECF No. 80-2.)

> Rule 56(d) provides:
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). It is within the discretion of the district court whether to permit discovery under Rule 56(d). *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425-26 (6th Cir. 2009). When exercising that discretion, courts generally consider such factors as: (1) when the non-moving party learned of the issue that is

the subject of the discovery; (2) how long the discovery period lasted; (3) whether the non-moving party was dilatory in its discovery efforts; and (4) whether the moving party was responsive to discovery requests. *See Cline v. Dart Transit Co.*, 804 F. App'x 307, 312 (6th Cir. 2020) (quoting *Plott v. Gen Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)). Nevertheless, regardless of these factors, where the non-moving party has had no opportunity to conduct the discovery necessary to oppose the summary judgment motion, it is likely to be an abuse of the district court's discretion to rule on the motion. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

As the discovery motions pending in this matter reflect, the County has been attempting to obtain discovery during the discovery period, without success. Palakurthi has resisted the County's efforts, maintaining that no discovery is needed to adjudicate his claims. This Court disagrees. For example, as the County and its counsel indicate, discovery is necessary to assess Palakurthi's interest in the property at issue and any proceeds from the tax auction sale.

For that reason, the Court **DENIES WITHOUT PREJUDICE** Palakurthi's summary judgment motion pursuant to Rule 56(d) to allow for discovery to proceed. Having expressed its belief that the County is entitled to discovery, the Court **ORDERS COUNSEL** for the parties and non-party Dr. Lakshmi Palakurthi

3

to meet and confer in person within ten (10) business days of this Opinion and Order to discuss the pending discovery motions and any other known discovery issues. Within twenty-one (21) days of this Opinion and Order, counsel shall: (1) withdraw any motions resolved during the conference; and, if any motions remain, (2) cooperatively prepare and file a Joint List of Unresolved Issues setting forth the issues that remain unresolved. The Joint List must certify that good faith efforts to resolve the matter[s] in controversy have been undertaken and specify the date(s), time(s), method/mode, and length of the events by which the meet-and-confer requirements were fulfilled. The Joint List is meant to summarize, not fully rehash the previously briefed arguments, and shall not exceed ten pages, absent good cause, and identify the movant's position and the respondent's position (including any proposal made to resolve movant's request).

Palakurthi's motion to expedite a decision on the summary judgment decision (ECF No. 71) is **DENIED AS MOOT**.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 5, 2025