UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAGESH PALAKURTHI,

   Plaintiff,

            Case No. 21-cv-10707

v.            Honorable Linda V. Parker

WAYNE COUNTY,

   Defendant.

_____

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR INTERLOCUTORY APPEAL

Plaintiff Nagesh Palakurthi brings this lawsuit to challenge Defendant Wayne County's retention of "surplus proceeds" from the tax auction sale of certain foreclosed property.  Wayne County filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which the Court granted in part and denied in part.  (ECF No. 49.)  Wayne County then filed a motion for reconsideration, which the Court denied on May 5, 2025.  (ECF No. 60.)  Wayne County now asks this Court to certify certain issues resolved in its May 5 decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (ECF No. 61.)

Specifically, Wayne County seeks to raise these three issues on interlocutory appeal: (1) whether *Wayside Church v. Van Buren County*, Case No. 1:14-cv-1274

(W.D. Mich.), tolled Palakurthi's claims; (2) whether plaintiffs whose properties were foreclosed prior to 2021 have viable takings claims despite the availability of Michigan Compiled Laws § 211.78t; and (3) whether the Sixth Circuit's decision in *Hall v. Meisner*, 51 F.4th 185 (2022), applies to foreclosed properties sold at auction. Palakurthi filed a response brief in which it opposes the request. (*See* ECF No. 66.) Wayne County filed a reply brief. (ECF No. 68.)

## Applicable Standard

Section 1292(b) authorizes a district court to certify an order for interlocutory appeal if three conditions are satisfied: "[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and [3] an immediate appeal may materially advance the termination of the litigation." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)) (ellipsis and emphasis removed). ). "It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)." *In re Energy Conversion Devices, Inc.*, 638 B.R. 81, 88-89 (E.D. Mich. 2022) (quoting *Lang v. Crocker Park LLC*, No. 1:09 CV 1412, 2011 WL 3297865, *5 (N.D. Ohio July 29, 2011)); *see also In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (citation omitted). The party seeking an interlocutory appeal bears the burden of showing that an immediate appeal is warranted. *In re*

*Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022) (citing *In re Miedzianowski*, 735 F.3d at 384).

When deciding whether to certify an order for interlocutory appeal under § 1292(b), courts must heed the Sixth Circuit's warning that such review should be "granted sparingly and only in exceptional cases." *Ingram v. Wayne Cnty.*, 81 F.4th 603, 612 (6th Cir. 2023) (quoting *In re City of Memphis*, 293 F.3d at 350). The Supreme Court additionally has held that, in general, "[r]estricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974).

### Application

*Whether a Legal Issue is Controlling*

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351 (citation omission). "[Section] 1292(b) is not appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." *U.S. ex rel. Elliott*, 845 F. Supp. 2d at 864 (quoting *Howe v. City of Akron*, 789 F. Supp. 2d 786, 710 (N.D. Ohio 2010)) (additional citations omitted); *see also In re Gray*, 447 B.R. 524, 534 (E.D. Mich. 2011) (refusing to grant § 1292(b) appeal because questions posed required factual determinations). As the Eleventh Circuit Court of Appeals

has explained: "A pure question of law is an issue the court can resolve 'without having to delve beyond the surface of the record to determine the facts,' as opposed to a case-specific question of 'whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.'" *Mamani v. Berzain*, 825 F.3d 1304, 1312 (2016) (quoting *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004)); *see also United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340-341 (4th Cir. 2017) (quotation marks and citation omitted) (explaining that interlocutory review "may be appropriate where the court of appeals can rule on a pure, controlling question of law" but "is not appropriate where, for example, the question presented turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case"); *Harriscom v. Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) ("Where, as here, the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal . . ..").

The second and third issues identified by Wayne County may constitute pure questions of law; however, the first issue does not. While the question of whether tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), applies to putative members of a defendant class may be a pure legal question,

4

there are factual considerations relevant to deciding whether a plaintiff is entitled to equitable tolling.[1]  At least one of those facts—Wayne County's notice or lack thereof of its inclusion in the *Wayside Church* putative defendant class—remains to be developed.

### Whether Substantial Grounds for Difference of Opinion Exist

Sixth Circuit law establishes that " 'substantial grounds for difference of opinion' exist only when there is conflicting authority on an issue." *Serrano v. Cintas Corp.*, Nos. 04-40132, 06-12311, 2010 WL 940164, at *3 (E.D. Mich. Mar. 10, 2020) (citing *In re Memphis*, 293 F.3d at 350-51).  District courts in this Circuit have held that this occurs where: "(1) the question is difficult, novel[,] and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d at 384 (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-cv-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)).

---

[1] Even if this issue is a pure question of law, the Court does not find a substantial ground for difference of opinion as to whether *American Pipe* tolling applies to putative members of a defendant class.  The cases previously cited by the Court reflect that most courts hold that it does.

With respect to the first and second issues for which it seeks interlocutory appeal, Wayne County barely touches on this second statutory condition, arguing only that "these are issues of first impression, and thus, these issues also warrant certification." (ECF No. 61 at PageID.1268.)  This is insufficient to satisfy Wayne County's burden of showing that interlocutory review is warranted.  Even if they are issues of first impression, they are neither difficult nor unguided by previous decisions.

### Conclusion

Thus, Wayne County fails to show that the first condition under § 1292(b) is satisfied as to the third issue it seeks to raise in an interlocutory appeal, and it fails to show that the second condition is satisfied as to the remaining issues.  As all three conditions in the statute are required to show that this is the "exceptional case[]" warranting § 1292(b)'s sparing application, the Court **DENIES** Wayne County's motion for interlocutory appeal.

**SO ORDERED**.

s/ Linda V. Parker

LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 8, 2026